WILLIAM RAND *vs.* HATTIE F. HANSON.

Essex.    November 5, 1890. — June 25, 1891.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Judgment recovered in another State — Service — Agreed Statement — Inference of Fact — Practice.*

The presumption in favor of the validity of a judgment rendered in another State does not extend to a case where it appears from the record that the defendant was not a resident of that State, and it does not appear that service of process was made on him there.

An order of notice, issued by the Supreme Court of New Hampshire, recited that the defendant in an action brought therein was not a resident of that State, and

directed service upon him by publication, or by giving him a copy in hand, or by leaving it at his last and usual place of abode; and the officer's return thereon recited that he gave to the defendant such a copy, but did not disclose where he did so. In an action brought here on a judgment subsequently recovered there, an agreed statement of facts, which contained a stipulation that inferences of fact might be drawn, recited only that the order was served "either in New Hampshire or Massachusetts," without more. *Held*, that it did not appear that there was service of process on the original defendant in New Hampshire, and that the judgment must be treated as invalid.

*It seems* that, if it is desired to present to the full court the question of law whether an agreed statement of facts will warrant a particular inference of fact, it can best be done by an exception taken at the hearing.

CONTRACT, against the administratrix of the estate of Sarah E. Hanson, on a judgment recovered against the intestate in New Hampshire. The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court, on appeal, on agreed facts, in substance as follows.

On October 25, 1877, the plaintiff, a resident of Rochester, New Hampshire, began an action in the Supreme Court of that State against the intestate, who was a resident of Haverhill in this Commonwealth, by a writ returnable to the February term of 1878 of that court. The intestate was not in New Hampshire at the date of the writ, or between that date and fourteen days before the return day. The return upon the writ recited an attachment of all the real estate in Rochester, "in which the within named defendant has any right, title, interest, or estate," but at the time of the alleged attachment the intestate had no estate in New Hampshire except an unassigned right of dower in certain land in that town. The writ was duly entered, and during that term the court issued an order of notice, which, after reciting the declaration and the attachment, and the absence of personal service on the intestate, "she not being a resident of this State at the time of the service thereof," directed the plaintiff to give notice to the intestate of the pendency of the action, by publication, or by giving a copy of the order containing the substance of the declaration to her in hand, or by leaving it "at her last and usual place of abode" within a time limited. The officer's return upon this order recited that he "gave to the within named defendant a copy of the within declaration and order," without more. This order was personally served upon the intestate, either in New Hampshire or in Massachusetts, and no other

service was made upon her, and she did not appear in the action either personally or by attorney. Subsequently the plaintiff recovered judgment against her, no part of which has ever been paid or satisfied. The agreed statement of facts contained the following: "It is agreed that the court may draw proper and competent inferences of fact from the above agreed facts."

If the plaintiff was entitled to recover, judgment was to be entered for him for a sum agreed; otherwise, judgment was to be entered for the defendant.

Ths case was argued at the bar in November, 1890, and afterwards was submitted, on the briefs, to all the judges except *Barker*, J.

*W. H. Moody*, for the defendant.

*I. E. Pearl*, for the plaintiff.

KNOWLTON, J. The judgment rendered against the defendant's intestate by the Supreme Court of New Hampshire was void for want of jurisdiction, unless a proper process was served on her in that State. *Eliot* v. *McCormick*, 144 Mass. 10. *Needham* v. *Thayer*, 147 Mass. 536. *Pennoyer* v. *Neff*, 95 U. S. 714. *Eaton* v. *Badger*, 33 N. H. 228. There is a presumption in favor of the regularity of the proceedings of any court of general jurisdiction. *Bissell* v. *Wheelock*, 11 Cush. 277. *Stockwell* v. *McCracken*, 109 Mass. 84. But it is always a good defence against a suit brought on a judgment recovered in another State, to show that the defendant was not a resident of that State, and that no proper service was made on him there. The presumption in favor of the validity of a judgment does not extend to a case where it appears from the record that the defendant was a non-resident, and it does not appear that service of process was made upon him within the State. *Downer* v. *Shaw*, 22 N. H. 277. *Morse* v. *Presby*, 25 N. H. 299. In *Galpin* v. *Page*, 18 Wall. 350, it is said that " where the special powers conferred are exercised in a special manner, not according to the course of the common law, or where the general powers of the court are exercised over a class not within its ordinary jurisdiction upon the performance of prescribed conditions, no such presumption of jurisdiction will attend the jurisdiction of the court. The facts essential to the exercise of the special jurisdiction must appear in such cases upon the record."

The facts agreed by the parties, and the facts disclosed by the record itself, show that the court had no jurisdiction of the defendant's intestate when the order of notice was issued at the February term in 1878. The record showing that there was no jurisdiction without a service of this order upon her in New Hampshire, the question arises whether the agreed statement shows that the order was served there, or whether there is any evidence in the case which, under the stipulation in the agreement that the court may draw inferences of fact, would warrant the Superior Court in making a finding to that effect. Unless this question can be answered in the affirmative, the judgment must be for the defendant. The order of notice directed a service, either by publication, or by giving a copy in hand to the original defendant, or by leaving it at her last and usual place of abode. It did not require or contemplate a personal service in the State of New Hampshire, but treated a service by leaving a copy at her place of abode in Massachusetts, or by giving it in hand to her there, as of equal effect with a personal service within the jurisdiction of the court.

The fact that the order was served, "either in New Hampshire or Massachusetts," has no tendency to prove that it was served in New Hampshire rather than in Massachusetts. The return of the officer, that he gave the defendant a copy, is entirely silent in regard to the place where the copy was put into the possession of the original defendant, and it has no affirmative force in favor of the proposition which must be established before the judgment can be treated as valid. Nothing is agreed upon outside of the record from which an inference of fact can be drawn in regard to the place where the service was made, and there is nothing in the record itself which furnishes a foundation for such an inference. If the order of notice called for a service within the State, there might be a presumption of regularity in favor of the service, although the language of the return was as consistent with a delivery of the copy in Massachusetts as in New Hampshire. But the order assumed that no personal service within the jurisdiction was necessary to the judgment which was contemplated, and it would have been complied with as well by leaving a copy at the place of abode of the original defendant in Haverhill, or by deliv-

ering it to her in hand there, as by a personal service in New Hampshire.

We find nothing in the case to make the stipulation in the agreed statement, that the court may draw inferences of fact, of any importance. Upon the material point there is nothing but the question what is the true legal construction of a record, which is always a question of law for the court. We therefore have no occasion to determine whether we should further approve the practice which has sometimes been permitted of presenting to the court certain agreed facts as a case stated, accompanied by a stipulation that the court may draw any proper inferences of fact, and then asking the full court to treat, as a question of law apparent on the record, the question whether the facts agreed will warrant an inference of fact that will support the judgment appealed from, on the assumption, without proof, that the court below drew the strongest inferences of fact possible in favor of the result reached. It is clear that such a statement is not like a special verdict, and is not a proper case stated, because it can never be known from the record whether the court below drew any inferences of fact or not. If it is desired to present to the full court the question of law whether the facts agreed will warrant a particular inference of fact, it can best be done by an exception taken at the hearing. See *Hovey* v. *Crane,* 10 Pick. 440; *Commonwealth* v. *Cutter,* 13 Allen, 393; *Charlton* v. *Donnell,* 100 Mass. 229; *Keegan* v. *Cox,* 116 Mass. 289; *Atlantic National Bank* v. *Harris,* 118 Mass. 147; *West* v. *Platt,* 120 Mass. 421; *Powers* v. *Provident Institution for Savings,* 122 Mass. 443; *Fitzsimmons* v. *Carroll,* 128 Mass. 401; *Old Colony Railroad* v. *Wilder,* 137 Mass. 536; *Mayhew* v. *Durfee,* 138 Mass. 584; *Hecht* v. *Batcheller,* 147 Mass. 335, 339.

In deciding the case on the ground that the plaintiff has failed to show that service was made in New Hampshire, we do not intimate that the court there had jurisdiction, in the absence of a valid attachment of property, to issue a process requiring the defendant to answer in that State, or that the judgment would be good if service of the order had been made there.

*Judgment for the defendant.*