ROYAL PLUMMER *vs.* THOMAS HATTON.

Submitted on briefs Oct. 21, 1892.  Decided Oct. 29, 1892.

**Service by Publication without Attaching Debtor's Property.**

> In an action to enforce a pecuniary liability against a nonresident, where the process is served by publication, and he does not voluntarily appear, and no property is attached, the court acquires no jurisdiction, and any judgment that may be rendered is a nullity, and no bar to another suit on the same cause of action.

Appeal by defendant, Thomas Hatton, from an order of the Municipal Court of the City of St. Paul, *Cory, J.,* made March 30, 1892, refusing a new trial.

Royal Plummer, on December 1, 1883, recovered a judgment against Thomas Hatton, before A. H. Bjoraker, a justice of the peace in Rice County, for the sum of $57.86.  The judgment was docketed in Rice and Ramsey counties.  Hatton was at the time of the institution of the action, and had been for five years prior thereto, a resident of the Territory of Dakota, and no summons was served upon him, nor did he appear in the action.  There was an attempted service of the summons by publication, but no property was attached.

This action was brought in 1892, by Plummer against Hatton, for goods sold and delivered, being the same cause of action on which the judgment of the justice was rendered. The defendant appeared, and pleaded the former judgment in bar. Findings were made March 29, 1892, ordering judgment for the plaintiff. From an order denying defendant's motion for a new trial, he appeals.

*Henry & R. L. Johns*, for appellant.

The judgment of the justice was valid. There was a proper publication of the summons. 1878 G. S. ch. 65, §§ 14, 74, 75. The plaintiff cannot attack the judgment obtained at his instance. *Hewitt* v. *Northrup*, 75 N. Y. 506; *Ruckman* v. *Alwood*, 44 Ill. 183; *Bingham's Appeal*, 123 Pa. St. 262. The judgment being valid, the original claim is merged in it. 2 Black, Judg. 672.

*Ambrose Tighe*, for respondent.

The justice court had no jurisdiction over Hatton; its judgment is a nullity. *Lydiard* v. *Chute*, 45 Minn. 277; *Kenney* v. *Goergen*, 36 Minn. 190. Being absolutely void, it is attackable in any sort of proceeding, whether direct or collateral. 12 Am. & Eng. Ency. of Law, 1470.

MITCHELL, J. In an action to enforce a pecuniary liability against a nonresident, where process is constructively served by publication, and he does not voluntarily appear, the proceedings, although in form *in personam*, are, in effect, *in rem*. It is only by attaching property that the court acquires jurisdiction, and then only to the extent of the property attached. The judgment in such a case would have no effect beyond the property attached. No general execution could be issued for any balance unpaid after the attached property is exhausted. No suit could be maintained on such a judgment, nor could it be used as evidence in any other proceeding not affecting the attached property. The original cause of action would not be merged in it. Any future suit to recover any balance due after the attached property is exhausted would have to be brought on the original cause of action. It follows that, if no property is attached, the

court acquires no jurisdiction,—there is nothing upon which it can act,—and any judgment that might be rendered would be an absolute nullity. *Kenney* v. *Goergen*, 36 Minn. 190, (31 N. W. Rep. 210;) *Cooper* v. *Reynolds*, 10 Wall. 308.

It affirmatively appears on the face of the record that such were the facts in the action before the justice of the peace in Northfield. It follows that the judgment in that case was void, and constitutes no bar to another suit on the same cause of action. 1878 G. S. ch. 65, § 75, which is merely a rule of evidence, has no bearing upon the case.

Order affirmed.

(Opinion published 53 N. W. Rep. 460.)