JULIUS CABANNE v. WILLIAM GRAF.[1]

December 5, 1902.

Nos. 13,109—(99).

:Summons against Nonresident—Laws 1901, c. 278.

> So much of Laws 1901, c. 278, as provides for the service of the sum-
> mons in a personal action against a natural person who is a citizen of
> another state, but carries on business in this state, on his agent in charge
> of the business, without a seizure of his property by the process of the
> court, is unconstitutional.

Action in the municipal court of St. Paul to recover $484.92 for
breach of contract of employment. Attempt was made to serve the
summons on defendant by service on his agent, pursuant to the
provisions of Laws 1901, c. 278, defendant being a nonresident and
absent from the state of Minnesota. Judgment by default was
.entered in favor of plaintiff for the sum demanded. Thereafter
defendant appeared specially and moved to vacate the judgment on
the ground, among others, that the statute authorizing such at-
tempted service of the summons was unconstitutional and void.
At the same time plaintiff moved to amend the return of service.
From an order, Orr, J., denying the motion to vacate the judgment
and granting plaintiff's motion to amend the return of service,
.defendant appealed. Reversed, and remanded with directions to
vacate judgment.

*Crooks & Fry*, for appellant.

Foreign corporations can do business within a state only as a
matter of comity. A natural person, resident in another state and
.a citizen of the United States, can do business in any state of the
Union by virtue of Const. (U. S.) art. 14, § 1, and art. 4, § 2. The lead-
ing case as to what constitutes due process of law in making service
on nonresident natural persons is Pennoyer v. Neff, 95 U. S. 714.
Statutes providing for obtaining a personal judgment against a
nonresident without serving him personally with process within

---

[1] Reported in 92 N. W. 461.

the jurisdiction of the court, and without first subjecting his property to the control of the court, have been held void under the doctrine of Pennoyer v. Neff. A Tennessee statute: Brooks v. Dun, 51 Fed. 138. An Iowa statute: Ralya Market Co. v. Armour & Co., 102 Fed. 530. A Delaware statute: Caldwell v. Armour, 1 Pennewill, 545. An Illinois statute: Barnes v. People, 168 Ill. 425. In Louisiana the appointment by the court of a curator ad hoc to represent a nonresident defendant in the litigation, when he cannot be found in the state, was held due process of law prior to the decision in Pennoyer v. Neff, but not due process after that decision: Hobson v. Peake, 44 La. An. 383; Laughlin v. Louisiana, 35 La. An. 1184.

Plaintiff did not follow the requirements of Laws 1901, c. 278. A person may be a nonresident, yet service on his agent is entirely unauthorized if in fact he is within the state. The statute declares the return of the sheriff to be prima facie evidence of this fact. What is prima facie evidence having been prescribed by the statute, such evidence must be forthcoming on the principle that the expression of one thing is the exclusion of another, and on the principle that a statute in derogation of common law is to be strictly construed. In the case at bar it affirmatively appears no return of the summons was ever made by the sheriff.

*George W. Walsh*, for respondent.

START, C. J.

Action in the municipal court of the city of St. Paul to recover damages for a breach by the defendant of a contract whereby he agreed to employ the plaintiff for a stated period. Judgment was entered by default against the defendant for the sum of $496.92 costs and damages.

The proof of the service of the summons was to the effect that it was served by the plaintiff's attorney upon the defendant by handing to and leaving with his agent and representative (naming him) a true copy thereof, and that the defendant had been engaged in business in the city of St. Paul for six months then last past, and was absent from this state. The defendant appeared specially, and moved the court to set aside the judgment as void. The plain-

tiff then made a motion to amend his proof of service of the summons so as to show that the defendant was a nonresident of the state of Minnesota, and not therein, but had been for more than a year then last past actively engaged in carrying on business at the city of St. Paul, which was in charge of his agent and representative; upon whom service was made. The trial court allowed the proof of service to be so amended, and denied the defendant's motion to set aside the judgment as void. The defendant appealed from the order denying his motion.

It evidently was the intention of the plaintiff to make service of the summons in this case pursuant to the provisions of Laws 1901, c. 278, which are to the effect that, whenever a cause of action exists in favor of a resident of this state against any nonresident individual, association, or copartnership engaged in business in this state, by reason of such business, the summons may be served upon the manager, superintendent, foreman, agent, or representative of such individual, association, or copartnership while in charge of such business, with the same effect as if it were personally served. Section 2 of the act provides that the summons in such cases, in the absence from this state of the defendant, of which the sheriff's return shall be prima facie evidence, may be made by delivering a copy to the agent or representative of such nonresident defendant while he is in actual charge of the business out of which the cause of action arose.

Waiving the objections of the defendant that the record does not show a compliance with the terms of the statute, we have for our decision the question whether the statute, in so far as it authorizes the service of summons on a nonresident and absent defendant with the same effect as if personally served on him within the state, is constitutional. Whether the statute is valid as applied to associations or copartnerships, which are quasi legal entities, to the extent of binding their property, but not that of the individuals of which they are composed, we do not consider or decide, for this is not such a case, but one against an individual. It is a case where the defendant was a nonresident and absent natural person, having property within this state, which the court did not seize, and upon whom the summons was never served,

except by delivering a copy thereof to his agent, and yet a judgment in personam was rendered against him, good everywhere if the statute is valid.

The state has plenary jurisdiction over all property, real or personal, within its limits, and may seize and subject it to the payment of the debts of the owners thereof, whether citizens of the state or not, upon such reasonable notice as the legislature may prescribe. But the power of the state personally to affect, by the judgments of its courts, citizens of another state, without personal service of process upon them within the state, is quite another matter. Prior to the decision in the case of Pennoyer v. Neff, 95 U. S. 714, it was the law of this state, and in some other jurisdictions, that, if a nonresident defendant had property in this state, its courts had jurisdiction, without seizing it, to proceed by publication of the summons, and render a judgment in personam, valid within the state to the extent of any property of the defendant therein. Stone v. Myers, 9 Minn. 287 (303); Cleland v. Tavernier, 11 Minn. 126 (194). Such, however, is not now the law, for a statute authorizing such a proceeding would not be due process of law. Kenney v. Goergen, 36 Minn. 190, 31 N. W. 210; Lydiard v. Chute, 45 Minn. 277, 47 N. W. 967; Plummer v. Hatton, 51 Minn. 181, 53 N. W. 460.

Pennoyer v. Neff is the leading authority in support of the now well-settled proposition that, except as to proceedings affecting the personal status of the plaintiff, or in rem, or as to actions to enforce liens, or to quiet title, or to recover possession of property, or for the partition thereof, or to set aside fraudulent transfers thereof, or to obtain judgment enforceable against property seized by attachment or other process, no state can authorize its courts to compel a citizen of another state remaining therein to come before them and submit to their decision a mere claim upon him for a money demand, no matter what the prescribed mode of service of process against him may be. An attempt to do so is not due process of law. 2 Freeman, Judgm. §§ 564–567; Hart v. Sansom, 110 U. S. 151, 3 Sup. Ct. 586; Arndt v. Griggs, 134 U. S. 316, 10 Sup. Ct.

557; De La Montanya v. De La Montanya, 112 Cal. 101, 44 Pac. 345; 53 Am. St. Rep. 165, and notes 181.

Now, unless the fact that a nonresident natural person does business in this state which is in charge of an agent creates an exception to this rule, the act here under consideration is unconstitutional as to such a party. Clearly, such a case is not an exception to the rule, for the mere fact that a natural person carries on business in this state by an agent cannot affect the question of the jurisdiction of our courts over him personally. The court may seize his property within the state by its process, and, upon such reasonable constructive notice to him as the legislature may direct, apply the property to the payment of his debts; but the legislature cannot declare that to be personal service on a citizen of another state, not actually found within the state, which is not so in fact. Such nonresident person, unlike a corporation, carries on business in this state not by virtue of its consent, but by virtue of the federal constitution which guarantees to the citizens of each state all privileges and immunities of citizens of the several states; hence it cannot be implied from the fact that he does business within the state that he consents to submit himself to the jurisdiction of its courts in personal actions upon service of process on his agent. He submits his property which he sends into the state to the jurisdiction of its courts, but not his person. Caldwell v. Armour, 1 Pennewill, 545, 43 Atl. 517; Brooks v. Dun (C. C.) 51 Fed. 138. In each of the cases cited it was held that a statute which authorized service of summons, in a personal action, on a nonresident natural person to be made on his agent in charge of his business within the state, was unconstitutional, because it was in violation of section 2, article 4, of the federal constitution, and of section 1 of the fourteenth amendment. See also Ralya Market Co. v. Armour & Co. (C. C.) 102 Fed. 530.

We are of the opinion, and so hold, that so much of Laws 1901, c. 278, as provides for the service of the summons in a personal action against a natural person who is a citizen of another state carrying on business in this state without a seizure of his property by the process of the court, is unconstitutional. It follows that

the defendant in this case was entitled to have the judgment against him set aside as void.

It is therefore ordered that the order appealed from be reversed, and the case remanded, with directions to the municipal court to grant the defendant's motion to set aside the judgment.