SILVER CAMP MINING COMPANY ET AL., RESPONDENTS, *v.* DICKERT, APPELLANT.

(No. 2,014.)

(Submitted November 17, 1904. Decided December 24, 1904.)

*Process—Specific Performance—Service by Publication—Nonresidents—Actions in Personam.*

Specific Performance—Action *in Personam.*

1. An action for specific performance of a contract to convey real estate is a proceeding *in personam.*

Actions *in Personam*—Summons by Publication—Common Law Rule.

2. Service of summons by publication on a nonresident defendant under Code of Civil Procedure, Section 638, will not warrant a judgment *in personam* against defendant who appears specially to challenge the jurisdiction of the court.

Action *in Personam*—Summons by Publication—Common Law Rule.

3. A general statute providing for the publication of summons in civil actions (Code of Civil Procedure, Section 637) does not abrogate the common law rule which requires personal service of summons in actions *in personam.*

*Appeal from District Court, Lewis and Clarke County;
Henry C. Smith, Judge.*

ACTION by the Silver Camp Mining Company and another against Ferdinand Dickert. From a judgment for plaintiffs, defendant appeals. Reversed.

*Mr. T. J. Walsh,* for Respondents.

Appellant contends that an action for the specific performance of a contract is an action *in personam,* not *in rem,* and that substituted service, as by publication or personal service without the state, can be had so as to bind the property which is the subject of the action only in actions *in rem,* not in actions *in personam.* That such service will not support a judgment in an action brought solely to obtain a personal judgment, as for damages, may be conceded, as is doubtless established by the authorities; but it is equally well established that in actions

touching or affecting the title to property within the state, whether the same is made the subject of the action by virtue of the averments of the complaint or has been seized and held by virtue of the process of the court, service may be made by publication under statutes authorizing that procedure, and the judgment is effective in the state in which it is rendered in respect of the property thus brought before the court. It is true that an action for specific performance of a contract, when service is personal and within the state, is an action *in personam.* If the decree is for the plaintiff, the defendant will be commanded to execute a conveyance and he will be imprisoned by the court, as for contempt, if he refuses to comply, but it is undeniably within the power of the court, as it is the common practice sanctioned by this court, to provide in the decree that upon failure of the defendant to execute the conveyance, a commissioner appointed by the court execute it in its behalf, or it may provide that the title be quieted in the plaintiff as against any claims on the part of the defendant. (*Muller* v. *Buyck,* 15 Mont. 354; *Finlen* v. *Heinze,* 28 Mont. 548.)

There is no constitutional objection to service by publication in an action for specific performance. (*Boswell* v. *Otis,* 9 How. 336; *Seculovich* v. *Morton,* 101 Cal. 677; *O'Sullivan* v. *Overton,* 14 Atl. 300; *Mason* v. *Benedict,* 8 So. 931; *Porter* v. *Baskin,* 43 Fed. 323; *Perkins* v. *Wakeham,* 86 Cal. 580; *Loaiza* v. *Levy,* 24 Pac. 707; 20 Ency. Pl. and Pr. 409.)

The contention that, although the state might provide for service of publication in cases of specific performance, it can do so only by some special statute authorizing service by publication in cases of that character, and that the general statute for service by publication is ineffective to give validity to a judgment in an action for specific performance where the service has been made by publication, is refuted by the case of *Roller* v. *Holly,* 176 U. S. 398. Our statute is identical with that of California, held to warrant service by publication in an action for specific performance in *Seculovich* v. *Morton,* 101 Cal. 677, and in an action to quiet title in *Perkins* v. *Wakeham,*

*supra.* ·The argument of appellant that Section 637, Code of Civil Procedure, is too general in its nature to support a judgment on service by publication in an action for specific performance is met in the opinion in *Perkins* v. *Wakeham, supra.*.

The inapplicability of the case of *Hart* v. *Sansom* to the question presented by this record is shown in *Lynch* v. *Murphy,* 161 U. S. 247; *Morris* v. *Graham,* 51 Fed. 56; *United States* v. *So. Pac.,* 63 Fed. 485; *Dillon* v. *Heller,* 18 Pac. 693.

*Mr. William Wallace, Jr.,* and *Messrs. Word & Word,* for Appellant.

That this action was and is one *in personam* and not one *in rem* is clear·from the authorities. (*Close* v. *Wheaton,* 65 Kan. 830, 70 Pac. 891; *Hart* v. *Sansom,* 110 U. S. 151, 154-5; *Viele* v. *Van Stenberg,* 31 Fed. 252-3; *Arndt* v. *Griggs,* 134 U. S. 316; *Massie* v. *Watts,* 6 Cranch. (U. S.) 159; *Benton* v. *Fenton,* 41 Fed. 283; *Roller* v. *Holly,* 176 U. S. 399; *Ormsby* v. *Ottman,* 85 Fed. 492; *Ins. Co.* v. *Lyons Co.,* 95 Fed. 331; *Cooper* v. *Newell,* 173 U. S. 567; *Cabane* v. *Graf,* 87 Minn. 513; *Davis* v. *Parker,* 14 Allen, (Mass.) 94, 98; *Bank of Huntington* v..*Henry,* 58 N. E. 1057, 1059; *Wood* v. *Warner,* 15 N. J. Eq. 81, 84-5; *Needham* v. *Thayer,* 147 Mass. 536; *Merrill* v. *Beckwith,* 163 Mass. 503; 1 Elliott's Gen. Pr. Secs. 244, 245; 1 Story's Eq. Jur. Sec. 744; *Pinney* v. *Ins. Co.,* 50 L. R. A. p. 577 and note; *Ellis* v. *McConnick,* 144 Mass. 10; *Fowler* v. *Fowler,* 204 Ill. 82; *Leigh* v. *Green,* 193 U. S. 191-2.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This is an action brought by the Silver Camp Mining Company and another against Ferdinand Dickert, to enforce the specific performance of a contract to convey certain real estate situate in Lewis and Clarke county, Montana, .and to compel the defendant Dickert to make an assignment of certain dividends.

At the time this action was commenced, and, so far as this record shows, at all times therein mentioned, Dickert was not a resident of the state of Montana, he being a resident of the state of Utah. The plaintiffs made affidavit for publication of summons, secured an order to that effect, and then made service on the defendant in Utah under the provisions of Section 638 of the Code of Civil Procedure. The defendant appeared specially and challenged the jurisdiction of the court. This appeal is from the judgment.

Three questions are presented for solution: First. Is the action for specific performance of a contract to convey real estate one *in personam?* Second. Will service of summons by publication warrant a judgment *in personam?* Third. Does a general statute providing for the publication of summons in civil actions abrogate the common-law rule which requires personal service of summons in actions *in personam?*

1. As to the first question. Conceding that there may be some conflict in the authorities respecting this, the decided weight of authority is in favor of an affirmative answer, though the courts holding this view have not always been in harmony as to the reasons, or as to the extent to which the doctrine should be carried. As early as 3 Cushing this question was before the Supreme Court of Massachusetts, and, respecting it, that court said: "The simple question raised in the case is whether the court can proceed in this suit against the defendant, he not being at the commencement of the suit, or now, within the jurisdiction of this court, but being then and now an inhabitant of and within the state of Connecticut. This is strictly a proceeding *in personam.* There is but one person who is the party defendant, and he is not a passive party, but must be eminently active in the performance of any decree which may be made against him. The whole object of the bill is to compel the defendant to execute a conveyance of land, as is alleged, according to his contract." (*Spurr et al.* v. *Scoville,* 3 Cush. 578.) This doctrine is reaffirmed by the same court in *Davis* v. *Parker,* 14 Allen, (Mass.) 94, and *Merrill* v. *Beckwith,* 163 Mass. 503, 40 N. E. 855.

In *Close* v. *Wheaton,* 65 Kan. 830, 70 Pac. 891, it is said: "The character of an action for specific performance as *in personam* entirely is so well established that courts having jurisdiction of the parties frequently entertain suits to compel the execution of contracts for the conveyance of lands in other states, in which, of course, their decrees as to the *res* cannot operate. (*Lindley* v. *O'Reilly,* 50 N. J. Law, 636, 15 Atl. 379, 1 L. R. A. 79, 7 Am. St. Rep. 802.) Sometimes a question may exist as to whether the complaining party may not have such peculiar interest in the property as to entitle him to the enforcement of a trust, and not of contract merely (*Merrill* v. *Beckwith,* 163 Mass. 503, 40 N. E. 855), in which event the action might be local, and not transitory; but the plaintiffs in this case have neither stated in their pleadings, nor claimed before us, such character of right. We are therefore well convinced that the inherent nature of the ordinary proceeding to compel a vendor to comply with this contract, as contract, by the execution of a deed, makes the action one *in personam,* which can be brought only where the defendant resides or may be legally served with personal process."

The Supreme Court of Indiana, in *Coon* v. *Cook,* 6 Ind. 268, said: "For the reversal of this decree it is contended: (1) That the land in question, being in Hancock county, the circuit court of Henry county had no jurisdiction of the subject-matter in controversy. This objection is not tenable. We concur with the appellee's counsel that the present, being a suit for a specific performance of a contract, operates on the person, and may properly be instituted in any county where the contractor resides." This is approved and followed in *Dehart* v. *Dehart,* 15 Ind. 167.

In *McQuerry* v. *Gilliland,* 89 Ky. 434, 12 S. W. 1037, 7 L. R. A. 454, the court said: "The court is of the opinion that in case of fraud, of trust, or of contract, the jurisdiction of a court of chancery is sustainable wherever the person be found, although lands not within the jurisdiction of that court may be affected by the decree. In such case the subject-matter is not that

of the recovery of land.  In other words, it is not an action *in rem.*  The court need not have the land before it in order to be able to render a judgment; but the action is *in personam,* for the purpose of enforcing a personal obligation of contract or of trust.  It is true that the title to land is to be affected by the decree, in so far as it compels the party to convey; but, as said, by reason of his trust or contract duty, he is personally obliged to convey, and that duty may be discharged in one state as well as another, although the land may not be situated in such state.  It is the breach of trust or contract to convey that may be complied with, without regard to the location of the land, that gives the right of action *in personam.*"

In *Brown* v. *Desmond,* 100 Mass. 267, the court said: "A suit for specific performance of a contract for the conveyance of land proceeds *in personam.*"  This doctrine is affirmed by the Supreme Court of Indiana in *Bethell* v. *Bethell,* 92 Ind. 318.

As if to place particular emphasis upon the view that an action to enforce the specific performance of a contract to convey land operates strictly *in personam,* the chancery courts in England and of many of the states in this country have repeatedly held that such an action may be commenced in, and relief had from, a court having jurisdiction of the parties, even though the land to be affected lies in another state or in a foreign country.  (*Penn* v. *Lord Baltimore,* 1 Ves. 444; *Cranston* v. *Johnson,* 3 Ves. Jr. 170; *Ward* v. *Arredondo,* 1 Hopk. Ch. 213, 14 Am. Dec. 543; *Sutphen* v. *Fowler,* 9 Paige, 280; *Newton* v. *Bronson,* 13 N. Y. 587, 67 Am. Dec. 89; *Davis* v. *Headley,* 22 N. J. Eq. 115; *Massie* v. *Watts,* 6 Cranch. (U. S.) 148, 3 L. Ed. 181.)

The doctrine is broadly stated by Story as follows: "The proposition may therefore be laid down in the most general form, that, to entitle a court of equity to maintain a bill for the specific performance of a contract respecting land, it is not necessary that the land should be situate within the jurisdiction of the state or country where the suit is brought.  It is sufficient

that the parties to be affected and bound by the decree are resident within the state or country where the suit is brought, for in all suits in equity the primary decree is *in personam* and not *in rem*. The incapacity to enforce the decree *in rem* constitutes no objection to the right to entertain such a suit." (1 Story's Equity Jurisprudence (10th Ed.) Sec. 744; *Brown* v. *Desmond, supra;* Elliott on General Practice, Sec. 244; *Close* v. *Wheaton, supra.*)

As further illustrating the view that this character of action is purely *in personam,* and that a statute of the character of our Section 610 of the Code of Civil Procedure has no application to an action to enforce the specific performance of a contract for the conveyance of real estate, the Supreme Court of Washington, in *Morgan* v. *Bell,* 3 Wash. St. 554, 28 Pac. 925, 16 L. R. A. 614, said: "The first point argued by the appellant is that this is an action affecting the title to real estate, and should have been brought in Clallam county, where the land is situated, by virtue of Section 47 of the Code, which provides that actions for the recovery of, for the possession of, for the partition of, for the foreclosure of a mortgage on, or for the determination of all questions affecting the titles, or for any injuries to, real property, shall be commenced in the county or district in which the subject of action, or some part thereof, is situated. We do not think this is the character of cases contemplated by the statute. The title to this land was not in dispute, and could not be affected by the decree of the court, under the pleadings. It is true that the court could decree a specific performance of the contract, under the allegations of the complaint, but it would be a decree affecting the parties to the action personally. It would not determine any question affecting the title, in the sense in which the word 'title' is evidently employed in the statute."

For the purpose of differentiating between the legal effects which flow from that class of actions wherein service of summons may be properly made by publication and actions strictly *in personam,* reference is had to the language used by the supreme court in *Cooper* v. *Reynolds,* 10 Wall. (U. S.) 308, 19 L. Ed.

931. The court there had under consideration an action which grew out of an action for damages, wherein summons had been served by publication, and in which property of one of the defendants which was within the jurisdiction of the court had been seized by attachment and sold under execution to Cooper. The original owner of the property, who was a defendant in that action, then brought ejectment against Cooper, who asserted title under the sheriff's deed. After reviewing the proceedings had in the original action for damages, the court carefully reviewed the whole subject, and announced a rule which has since been followed. The court said: "But the plaintiff is met at the commencement of his proceedings by the fact that the defendant is not within that territorial jurisdiction, and cannot be served with any process by which he can be brought personally within the power of the court. For this difficulty the statute has provided a remedy. It says that, upon affidavit being made of that fact, a writ of attachment may be issued and levied on any of the defendant's property, and a publication may be made warning him to appear, and that thereafter the court may proceed in the case, whether he appears or not. If the defendant appears, the cause becomes mainly a suit *in personam,* with the added incident that the property attached remains liable, under the control of the court, to answer to any demand which may be established against the defendant by the final judgment of the court. But if there is no appearance of the defendant, and no service of process on him, the case becomes, in its essential nature, a proceeding *in rem,* the only effect of which is to subject the property attached to the payment of the demand which the court may find to be due to the plaintiff. That such is the nature of this proceeding in this latter class of cases is clearly evinced by two well-established propositions: First, the judgment of the court, though in form a personal judgment against the defendant, has no effect beyond the property attached in that suit. No general execution can be issued for any balance unpaid after the attached property is exhausted. No suit can be maintained on such a judgment in the same court or any

other, nor can it be used as evidence in any other proceeding not affecting the attached property, nor could·the costs in that proceeding be collected of defendant out of any other property than that attached in the suit.   Second, the court, in such a suit, cannot proceed unless the officer finds˙some property of defendant on which to levy the writ of attachment.   A return that none can be found is the end of the case, and deprives the court of further jurisdiction, though the publication may have been duly made and proven in court."

2.   As to the second question.   If any doubt existed respecting the proper answer to be made to this inquiry, that doubt was settled by the Supreme Court of the United States in *Pennoyer* v. *Neff*, 95 U. S. 714, 24 L. Ed. 565.   In 1866 J. H. Mitchell obtained a judgment in the district court of Oregon against Neff, a nonresident of Oregon, for services alleged to have been rendered to Neff.   Summons was served by publication, and˙Neff did not appear.   Judgment was rendered by default.   Execution was issued, and land belonging to Neff in Oregon was levied upon and sold to Pennoyer.   Neff later returned and brought ejectment against Pennoyer, who pleaded title in himself, based upon the deed which he had received from the sheriff by virtue of the execution sale in *Mitchell* v. *Neff*.   The validity of the judgment in *Mitchell* v. *Neff* was put directly in issue.   Respecting the doctrine that a personal judgment can only be had after personal service of the defendant or his voluntary appearance in the action, the court said:   "It is the only doctrine consistent with proper protection to citizens of other states.   If, without personal service, judgments *in personam,* obtained *ex parte* against nonresidents and absent parties, upon mere publication of process, which, in the great majority of cases, would never be seen by the parties interested, could be upheld and enforced, they would be the constant instruments of fraud and oppression. Judgments for all sorts of claims upon contracts and for torts, real or pretended, would be thus obtained, under which property would be seized, when the evidence of the transactions upon which they were founded, if they ever had any existence, had

perished.    Substituted service by publication, or in any other authorized form, may be sufficient to inform parties of the object of proceedings taken, where property is once brought under the control of the court by seizure or some equivalent act.    The law assumes that property is always in the possession of its owner, in person or by agent; and it proceeds upon the theory that its seizure will inform him, not only that it is taken into the custody of the court, but that he must look to any proceedings authorized by law upon such seizure for its condemnation and sale.    Such service may also be sufficient in cases where the object of the action is to reach and dispose of property in the state, or of some interest therein, by enforcing a contract or a lien respecting the same, or to partition it among different owners, or, when the public is a party, to condemn and appropriate it for a public purpose.    In other words, such service may answer in all actions which are substantially proceedings *in rem*.    But where the entire object of the action is to determine the personal rights and obligations of the defendants—that is, where the suit is merely *in personam*—constructive service in this form upon a nonresident is ineffectual for any purpose."

. *Pennoyer* v. *Neff, supra,* is directly approved and followed by the supreme court in *Hart* v. *Sansom,* 110 U. S. 151, 3 Sup. Ct. 586, 28 L. Ed. 101, and the doctrine of that case reannounced in *Leigh* v. *Green,* 193 U. S. 79, 24 Sup. Ct. 390, 48 L. Ed. 623.    That doctrine has also been followed by the courts of last resort of several states where it has been in issue.

In *Eliot* v. *McCormick,* 144 Mass. 10, 10 N. E. 705, it is said:    "The Supreme Court of the United States has held, in recent decisions, that under this provision it is not competent for a state court to render a judgment *in personam* against a person who is not a resident of the state, who does not appear in the suit, and who is not served personally with process within the state.    It is held that, where property of a nonresident defendant is found within the state, the state court may attach it on the writ, and may proceed to a judgment so far as to apply the property to the debt; but if there is no appearance of the de-

fendant, and no personal service on him, a judgment rendered against him personally is void, and has no effect beyond the property attached, and no suit can be maintained on such a judgment, either in the same or any other court. (*Pennoyer* v. *Neff*, 95 U. S. 714, 24 L. Ed. 565; *Freeman* v. *Alderson*, 119 U. S. 185, 7 Sup. Ct. 165, 30 L. Ed. 372.)"

In *Needham* v. *Thayer*, 147 Mass. 536, 18 N. E. 429, the views of the court in *Eliot* v. *McCormick*, above, were adopted and followed, and it is there held that a judgment *in personam* against a person who is not a resident of the state in which the judgment is rendered, who has not been *personally* served in the state with summons, and who has not appeared in the action, is wholly void, and no suit can be maintained on it either in that or any other court; that the court obtained no jurisdiction, and its judgment has no force either in the state in which it is rendered or in any other state. *Pennoyer* v. *Neff* is also approved and followed in *Bank* v. *Henry*, 156 Ind. 1, 58 N. E. 1057.

In *Hill* v. *Henry*, 66 N. J E. 150, 57 Atl. 554, the Court of Chancery of New Jersey said: "The following propositions have been established by the supreme court: First. That a personal judgment is without validity, if it be rendered by a state court in an action upon a money demand against a nonresident, proceeded against by publication, but not personally served with process within the state, and not appearing. Second. That no validity is imparted to such a judgment by the fact that the defendant has, at the time the action is commenced, property within the state, upon which a levy can be made under the judgment. (*Pennoyer* v. *Neff*, 95 U. S. 714, 24 L. Ed. 565.)"

The Supreme Court of Minnesota, in *Cabanne* v. *Graf*, 87 Minn. 510, 92 N. W. 461, 59 L. R. A. 735, 94 Am. St. Rep. 722, said: "Prior to the decision in the case of *Pennoyer* v. *Neff*, 95 U. S. 714, 24 L. Ed. 565, it was the law of this state, and in some other jurisdictions, that, if a nonresident defendant had property in this state, its court had jurisdiction, without

seizing it, to proceed by publication of the summons, and render a judgment *in personam,* valid within the state to the extent of any property of the defendant therein.    (*Stone* v. *Myers,* 9 Minn. 303, (Gil. 287) 86 Am. Dec. 104; *Cleland* v. *Tavernier,* 11 Minn. 194, (Gil. 126.)   Such, however, is not now the law, for the statute authorizing such a proceeding would not be due process of law.    (*Kenney* v. *Goergen,* 36 Minn. 190, 31 N. W. 210; *Lydiard* v. *Chute,* 45 Minn. 277, 47 N. W. 967; *Plummer* v. *Hatton,* 51 Minn. 181, 53 N. W. 460.)

"*Pennoyer* v. *Neff,* 24 L. Ed. 565, is the leading authority in support of the now well-settled proposition that, except as to proceedings affecting the personal status of the plaintiff, or *in rem,* or as to actions to enforce liens, or to quiet title, or to recover possession of property, or for the partition thereof, or to set aside fraudulent transfers thereof, or to obtain judgment enforceable against property seized by attachment or other process, no state can authorize its courts to compel a citizen of another state remaining therein to come before them and submit to their decision a mere claim upon him for a money demand, no matter what the prescribed mode of service of process against him may be.   An attempt to do so is not due process of law."

3.   As to the third question.   It is contended that it is competent for the state by statute to provide for valid service by publication in actions *in personam.*   If this state has done so, the question of the constitutionality of such a statute might be involved.   If it has not done so, that question is, of course, eliminated from consideration.

Section 637 of the Code of Civil Procedure provides:   "When the person on whom the service of a summons is to be made, resides out of the state, or has departed from the state, or cannot, after due diligence, be found within the state, or conceals himself to avoid the service of the summons; or when the defendant is a foreign corporation, having no managing or business agent, cashier, secretary or other officer within the state, and an affidavit stating any of these facts is filed with the clerk of the court in which the action is brought, and such affidavit also

states that a cause of action exists against the defendant in respect to whom the service of the summons is to be made, and that he or it is a necessary or proper party to the action, the clerk of the court in which the action is commenced shall cause the service of the summons to be made by publication thereof."

Counsel for respondents cites *Perkins* v. *Wakeham et al.*, 86 Cal. 580, 25 Pac. 51, 21 Am. St. Rep. 67, as sustaining the view that service of summons by publication in actions strictly *in personam* may be had under a statute similar to our Section 637, above, and there is an expression to be found in the opinion of the court in that case bearing out that idea, and that case is apparently cited with approval in *Seculovich* v. *Morton,* 101 Cal. 67, 36 Pac. 387, 40 Am. St. Rep. 106, in an action to have a trust declared and enforced, and in which we are unable to see any applicability of the doctrine announced in *Perkins* v. *Wakeham.* In *Loaiza* v. *Superior Court,* 85 Cal. 11, 24 Pac. 707, 20 Am. St. Rep. 197, the same court had at great length reviewed the cases, and put itself in harmony with the weight of authority as we have outlined it, and distinguished between the classes of cases where service of summons may be made by publication and where it may not be, and in the latter class included actions strictly *in personam;* and this case was not alluded to or overruled in either of the cases cited above.

An examination of the opinion in *Perkins* v. *Wakeham,* above, discloses that the decision of the court is made upon the theory that an action to quiet title, which was the form of action in that case, is one affecting the title to real estate. Whether that doctrine would be approved by this court is not decided; suffice it to say that the present action, being to enforce the specific performance of a contract, is not one which affects title to real estate, for, if it did, it could only be tried in the county where the real estate is situated, whereas the authorities are practically unanimous in holding that such an action may be tried where jurisdiction of the defendant is obtained, without reference to the location of the real estate.

In *Roller* v. *Holly,* 176 U. S. 398, 20 Sup. Ct. 410, 44 L. Ed. 520, a statute of Texas, as broad in its provisions as our Section 637, above, was under consideration, and, respecting it, the court said: "It is true there is no statute of Texas specially authorizing a suit against a nonresident to enforce an equitable lien for purchase money, but Article 1230 of the Code of Texas, hereinafter cited, contains a general provision for the institution of suits against absent and nonresident defendants, and lays down a method of procedure applicable to all such cases. Obviously this Article has no application to suits *in personam,* as was held by the Supreme Court of Texas in *York* v. *State,* 73 Tex. 651, 11 S. W. 869; *Kimmarle* v. *Houston & Texas Central Railway,* 76 Tex. 686, 12 S. W. 698; *Maddox* v. *Craig,* 80 Tex. 600, 16 S. W. 328; and by this court in *Pennoyer* v. *Neff,* 95 U. S. 714, 723, 24 L. Ed. 565. The Article must then be restricted to actions *in rem;* but to what class of actions, since none is mentioned specially in this Article? We are bound to give it some effect. We cannot treat it as wholly nugatory, and, as it is impossible to say that it contemplates a procedure in one class of cases and not in another, we think the only reasonable construction is to hold that it applies to all cases where, under recognized principles of law, suits may be instituted against nonresident defendants." We prefer to adopt this view as more in consonance with reason and the general practice which has heretofore prevailed throughout this country.

The other questions involved in this case need not be considered.

The court had no jurisdiction of the defendant. The judgment rendered is nugatory and is reversed and the cause remanded.

*Reversed and remanded.*

Mr. Chief-Justice Brantly and Mr. Justice Milburn concur.

Rehearing denied February 7, 1905.