## J. F. KADING v. DUDLEY E. WATERS AND ANOTHER.[1]

June 29, 1917.

Nos. 20,376—(194).

**Process — service on receivers of foreign railroad — foreign cause of action.**

　　1. Receivers of a foreign railroad corporation are not subject to the jurisdiction of the courts of this state, by the service of the summons in the manner provided by subdivision 3 of section 7735, G. S. 1913, where the cause of action arose out of a transaction had with the receivers in another state, and the railroad line in their control does not extend into this state and is not operated therein. Ihlan v. Chicago, R. I. & P. Ry. Co. supra, page 204, distinguished.

[1]Reported in 163 N. W. 521.

**Same — governed by section 7732.**

2. The receivers are natural persons and the method of service upon them is that prescribed by section 7732.

Action in the district court for Hennepin county to recover $1,271.19 damages sustained in transportation of two carloads of fruit. Defendants appeared specially and obtained an order requiring plaintiff to show cause why their motion to set aside the service of the summons and dismiss the action for want of jurisdiction should not be granted. From an order, Fish, J., denying their motion for an order setting aside the service of the summons, defendants appealed. Reversed.

*Arthur C. Erdall,* for appellants.

*John P. Devaney* and *E. J. Frisbee,* for respondent.

BROWN, C. J.

This action was brought to recover damages for the alleged negligence on the part of defendants, receivers of the Pere Marquette Railroad Company, in the transportation of certain fruit delivered to them for shipment from Benton Harbor in the state of Michigan, to points in this state. The railroad company is a Michigan corporation, and is being operated by defendants as receivers under appointment by the Federal court of the district of that state. The summons was served upon one of their soliciting agents then present in this state. The defendants appeared specially and moved for an order setting the service aside, on the ground that it was unauthorized by law and confers no jurisdiction upon the court. The motion was denied and defendants appealed.

We think and so hold that the motion should have been granted. The railroad company of which defendants are receivers is not a party to the action. Defendants are natural persons and are not deprived of that character by the fact that they are the official agents or officers of the Federal court, and acting for it in the capacity of receivers of the railroad company. If they are liable to suit in this state at all, upon the cause of action set forth in the complaint, jurisdiction must be acquired over them in the manner pointed out by section 7732, G. S. 1913. That statute provides for a personal service within this state. There was

no such service in this case, though there was a service under section 7735, subd. 3, relating to foreign corporations. That statute can have no application. As stated the railroad company is not a party to the action, the suit is against the receivers upon a transaction had with them and the service of the summons was upon their agent and not an agent of the company. They are not residents of the state, and therefore not subject to the jurisdiction of our courts by the service of process upon an agent, though the agent be within the state in the transaction of their business. Cabanne v. Graf, 87 Minn. 510, 92 N. W. 461, 59 L.R.A. 735, 94 Am. St. 722.

The case is wholly unlike that of Ihlan v. Chicago, R. I. & P. Ry. Co. supra, page 204, 163 N. W. 283, where service upon an agent of the railroad company, in charge of a station situated on its line of road within this state, was held sufficient to confer jurisdiction, though the railroad company was under receivership proceedings in the courts of the state where it was organized. In that case the railroad company was the party defendant, and owns and operates a line of railroad in this state with numerous resident agents having in charge the management of its affairs therein. The receivers were not parties to the action, the cause of action arose before their appointment, and they were required thereby to prosecute and defend all actions or suits by and against the company. In the case at bar the railroad company is not a party to the action, and has no line of road in this state. The agent upon whom the service was made represents the receivers as a soliciting agent, and plaintiff's cause of action arises out of a transaction had with the receivers and not with the company. These facts also distinguish the case of Harris v. Receivers of Richmond & Danville R. Co. 115 N. C. 600, 20 S. E. 167; and Ennest v. Pere Marquette R. Co. 176 Mich. 398, 142 N. W. 567, 47 L.R.A.(N.S.) 179, Ann. Cas. 1915B, 594.

Again, it is doubtful, since the receivers are agents and officers of the court appointing them, whether they may exercise any authority beyond the jurisdiction of that court. Booth v. Clark, 17 How. (U. S.) 322, 15 L. ed. 164; Great Western M. & Mnfg. Co. v. Harris, 198 U. S. 561, 25 Sup. Ct. 770, 49 L. ed. 1163. Minnesota is not within the circuit of the Federal court appointing defendants as such receivers, and, if their authority is limited to the Michigan circuit, it is not clear that

the courts of this state can require them to perform any of their duties therein. We, however, only state the point, without attempting to give it further or decisive consideration.

Our decision is predicated upon the ground that defendants as receivers of the railroad company, since the cause of action arose against them, not in a transaction with the company, and no part of the line of the company is within this state, are not subject to the jurisdiction of the courts of this state by the service of the process upon one of their agents within the state.

Order reversed.