## TRADERS TRUST COMPANY v. WATSON P. DAVIDSON.[1]

June 25, 1920.

No. 21,927.

**Judgment in personam.**

1. A court must acquire jurisdiction over the person of a defendant before it can render a judgment in personam against him.

**Same — by foreign court.**

2. While a foreign court of general jurisdiction which renders a judgment in personam is generally presumed to have had jurisdiction of the subject matter and of the parties, unless want of jurisdiction is disclosed by the record, there are several exceptions to this rule.

**No presumption of jurisdiction, when.**

3. If the defendant was beyond the jurisdiction of the court and did not voluntarily appear therein, there is no presumption of jurisdiction over him, and the party asserting the judgment must prove the existence of the facts necessary to establish such jurisdiction.

**No presumption in favor of judgment based on statute.**

4. If authority to render the judgment rests on a statute and the proceedings are not according to the course of the common law, nothing is presumed in favor of the judgment, and the record must show the existence of all the facts necessary to authorize the court to render it.

**Comity — foreign judgment.**

5. Foreign judgments will be given no greater effect here than the foreign country gives to like judgments of our courts.

[1]Reported in 178 N. W. 735.

**Judgment based on proxy for use at shareholders' meeting.**

    6. Giving a proxy to vote at a shareholders' meeting against having the corporation appeal from a winding-up order made by a foreign court, does not authorize such court to render a personal judgment against the shareholder, although the meeting was called by order of the court.

**Corporation — counsel unauthorized to make personal appearance for absent shareholders.**

    7. An order appointing counsel to appear for and represent the shareholders in a Manitoba corporation, made by a Manitoba court pursuant to a provision of the Manitoba winding-up act, could not authorize such counsel to make a personal appearance in that court for a shareholder over whom the court had no jurisdiction.

**Same — court lacked jurisdiction to enter personal judgment against shareholder.**

    8. The existence of a foreign law is a fact to be proven, and, as plaintiff has failed to prove any law of Manitoba making membership as a shareholder in a corporation operate as a consent that service on the corporation shall give jurisdiction to render a personal judgment against the shareholder, and as no other service was made on defendant in Manitoba and defendant did not appear in the Manitoba court, that court had no jurisdiction to render a personal judgment against him.

    Action in the district court for Ramsey county upon a judgment recovered against defendant in the Court of King's Bench for Manitoba. The facts are stated in the opinion. The case was tried before Hanft, J., who made findings and ordered judgment in favor of plaintiff for $11,023.33. Defendant's motion for amended findings or for a new trial was denied. From the judgment entered pursuant to the order for judgment, defendant appealed. Reversed.

    *O'Brien, Young, Stone & Horn,* for appellant.

    *Cray & Eaton,* for respondent.

TAYLOR, C.

    Plaintiff is a corporation of the province of Manitoba in the Dominion of Canada, and defendant is a citizen and resident of the city of St. Paul in this state. Plaintiff was appointed liquidator of the Colonial Assurance Company, an insolvent Manitoba corporation, by the Court of King's Bench of the Province of Manitoba in proceedings for winding-

up that corporation under the Winding-Up Act of Canada. Plaintiff, alleging that as such liquidator it had recovered a personal judgment against defendant in the Court of King's Bench of the province of Manitoba, brought this action thereon for the purpose of obtaining a personal judgment against him in this state. The principal question presented is whether the Manitoba court had jurisdiction of the person of defendant. If it did not, it could not render a judgment against him in personam, whatever effect the judgment might have on his property and property rights within the territorial jurisdiction of the court. Pennoyer v. Neff, 95 U. S. 714, 24 L. ed. 565; Wilson v. Seligman, 144 U. S. 41, 12 Sup. Ct. 541, 36 L. ed. 338; 7 R. C. L. 1041, § 73; 15 R. C. L. 919, §§ 400, 401; 13 Am. & Eng. Enc. (2d ed.) 999, 1028; Cabanne v. Graf, 87 Minn. 510, 92 N. W. 461, 59 L.R.A. 735, 94 Am. St. 722; Plummer v. Hatton, 51 Minn. 181, 53 N. W. 460; Kading v. Waters, 137 Minn. 328, 163 N. W. 521.

Defendant was never a citizen or resident of Manitoba, and was never served with a summons or other process in the action within Manitoba, and never voluntarily appeared in the action, although plaintiff claims that certain matters to be mentioned later operated as an appearance therein.

Where an action is brought on a judgment in personam rendered by a foreign court of general jurisdiction, it is the general rule that the foreign court will be presumed to have had jurisdiction of the subject matter of the action and of the parties thereto, and that the judgment will be given full force and effect as binding and conclusive on such parties, but there are several exceptions to this rule. Of course if the record discloses lack of jurisdiction over the defendant, the judgment is a nullity.

If the defendant was beyond the territorial jurisdiction of the court and did not voluntarily appear in the action, there is no presumption of jurisdiction over his person, and the burden of establishing such jurisdiction is cast on the party invoking the benefit of the judgment. Galpin v. Page, 85 U. S. 350, 21 L. ed. 959; Rand v. Hanson, 154 Mass. 87, 28 N. E. 6, 12 L. R. A. 574, 26 Am. St. 210; Downer v. Shaw, 22 N. H. 277; Shepard v. Wright, 113 N. Y. 582, 21 N. E. 724.

If the authority to render the judgment is given by statute, and the

proceedings are not according to the course of the common law, there is no presumption in favor of the judgment, and, if the record fails to show the existence of all the facts necessary to give the court authority to render it, the judgment is of no effect. Galpin v. Page, 85 U. S. 350, 21 L. ed. 959; Rand v. Hanson, 154 Mass. 87, 28 N. E. 6, 12 L.R.A. 574, 26 Am. St. 210; Kelley v. Kelley, 161 Mass. 111, 36 N. E. 837, 25 L.R.A. 806, 42 Am. St. 389; Prentiss v. Parks, 65 Me. 559; Coleman v. Stearns Mnfg. Co. 38 Mich. 30; Kohn, Leberman & Co. v. Haas, 95 Ala. 478, 12 South. 577; Furgeson v. Jones, 17 Ore. 204, 20 Pac. 842, 3 L.R.A. 620, 11 Am. St. 808; Anderson v. Haddon, 33 Hun, 435.

Effect is given to foreign judgments as a matter of comity and reciprocity, and it has become the rule to give no other or greater effect to the judgment of a foreign court than the country or state whose court rendered it gives to a like judgment of our courts. Hilton v. Guyot, 159 U. S. 113, 227, 16 Sup. Ct. 139, 40 L. ed. 95. And we may note in passing that in Manitoba a foreign judgment does not conclude the defendant even as to the merits. International Corporation v. Great North West Cent. Ry. Co. 9 Man. 147; British Linen Co. v. McEwan, 6 Man. 292; British Linen Co. v. McEwan, 8 Man. 99.

As defendant is a resident and citizen of this state, and was not served with process in Manitoba, and the proceedings in question rest wholly on a Manitoba statute and are not according to the course of the common law, the judgment in personam against him is a nullity and of no effect in this state, unless plaintiff has established affirmatively that the Manitoba court acquired jurisdiction over his person, and has also established that the statute authorized the proceedings taken, and that all the essential requirements of the statute were complied with.

Plaintiff contends that defendant appeared in the winding-up proceedings and thereby submitted himself to the jurisdiction of the Manitoba court. It appears that an appeal on behalf of the company was taken from the order directing that it be wound up; that the authority of those who assumed to act for the company in taking the appeal was challenged; that the appellate court directed that a meeting of the shareholders be held, "to ascertain if the present appeal was authorized on behalf of the company and if the company desires further prosecution of

the appeal;" that defendant gave one James Fisher a proxy to vote for him at this meeting against contesting the winding-up proceedings; that Fisher holding several proxies took part in the meeting, and that the appeal was abandoned as the result of this meeting. We cannot sustain plaintiff's contention that giving this proxy to Fisher to vote at a shareholders' meeting against contesting the winding-up proceedings gave the court jurisdiction to render a personal judgment against defendant for the amount claimed to be due from him as a "contributory" to the assets of the company. It was given merely to voice his objection to the corporate action proposed to be taken by the company, and not for the purpose of invoking the power of the court or of submitting himself to the jurisdiction of the court, and does not purport to confer any authority to represent him as a party litigant in the winding-up proceedings.

The Canadian Winding-Up Act provides that the court,

"If satisfied that * * * the interests of creditors, claimants or shareholders can be classified, may, after notice by advertisement or otherwise, nominate and appoint a solicitor and counsel to represent each or any class for the purpose of the proceedings, and all the persons composing any such class shall be bound by the acts of the solicitor and counsel so appointed."

The court made an order that in the wind-up of the company, "W. C. Hamilton of the city of Winnipeg as solicitor and counsel do represent the shareholders thereof," and plaintiff contends that, by virtue of this order and the appearance thereunder of Mr. Hamilton as counsel for the shareholders, the court acquired jurisdiction to render a personal judgment against defendant as a "contributory." The Canadian Winding-Up Act defines a contributory to be "a person liable to contribute to the assets of a company under this act."

Conceding that the court could appoint counsel to appear for and represent the shareholders in respect to their rights in the property in the custody of the court, and to make a personal appearance for those shareholders over whose persons it had acquired jurisdiction, it was beyond the power of the court to give to any one authority to make a personal appearance for a shareholder over whose person it had no jurisdiction.

In this connection it may be noted that plaintiff failed to prove any valid service on defendant of the notice required by the above statute.

Plaintiff's principal contention is that the fact that defendant was a shareholder in the company gave the court power to render a judgment in personam against him for the amount assessed against him as a contributory in the proceedings for winding up the company.

The existence of a foreign law is a fact to be proven the same as any other fact, and we can take notice of none of the laws of Manitoba not proven in this case. The only foreign law put in evidence is chapter 144 of the Revised Statutes of Canada, known as the "Winding-Up Act," which apparently applies in the Province of Manitoba. It appears from the record of.the proceedings in the Manitoba court that those proceedings rest wholly on a Manitoba or Canadian statute and are not according to the course of the common law. Consequently all the facts essential to give that court jurisdiction to render a judgment in personam against defendant must be established affirmatively before the judgment can be given effect here.

Conceding, without deciding, that plaintiff is correct in its contention that the sovereignty which creates a corporation may make the act of becoming a shareholder therein operate as a consent that its courts, by service on the corporation or on some designated public official, may acquire jurisdiction to render a judgment in personam against such shareholder, plaintiff has wholly failed to prove the existence of any such law in the Province of Manitoba. The Winding-Up Act, the only law put in evidence, contains no such provision, nor any provision which can be given the effect of authorizing a judgment in personam against a nonresident who did not appear in the action and upon whom no process was served within the jurisdiction of the court. Wilson v. Seligman, 144 U. S. 41, 12 Sup. Ct. 541, 36 L. ed. 338; Shepard v. Wright, 113 N. Y. 582, 21 N. E. 724; Anderson v. Haddon, 33 Hun, 435. Furthermore there is nothing in the record to show that that act was in effect when defendant acquired his stock, as neither the time when the act took effect, nor the time when defendant acquired his stock, is disclosed. Moreover the Winding-Up Act provides that,

"The proceedings under a winding-up order shall be carried on as

nearly as may be in the same manner as an ordinary suit, action or proceeding within the jurisdiction of the court," [section 108], but the manner in which proceedings are carried on in an ordinary action is not shown. The only presumption in which we can indulge is that the proceedings in an ordinary action are according to the course of the common law, and such a presumption will not aid plaintiff in the present case. From the record before us, it appears that the Manitoba court was without jurisdiction to render a judgment in personam against defendant and the judgment appealed from is reversed.