JEREMIAH BROWN, JR. *vs.* JEREMIAH DESMOND.*

A suit for specific performance of a contract for the conveyance of land situated in territory which was set off from Rhode Island to Massachusetts by the decree of the supreme court of the United States which took effect March 1, 1862, settling the boundary between the two states, was then pending in the courts of Rhode Island between a plaintiff who resided in that territory when he began the suit, but afterwards removed to and continued to reside in Massachusetts, and a defendant who always resided in Massachusetts, but was served with process in Rhode Island and there submitted to the jurisdiction. Neither party removed the suit into this court, under the St. of 1862, *c.* 48, § 3, and the court in Rhode Island entered a final decree for the plaintiff. *Held*, that upon the entry of that decree, duly certified, in this court, the plaintiff was entitled, under that statute, to process for enforcing its performance.

GRAY, J. The supreme court of the United States, in the exercise of the original jurisdiction conferred upon it by the Constitution, in a suit brought by this Commonwealth against the state of Rhode Island, made a decree on the 16th of December 1861, which took effect on the 1st of March 1862, and by which the boundary line between the two states was finally settled and established, and the territory, which had formerly constituted the town of Fall River in the state of Rhode Island, was declared to be part of the Commonwealth of Massachusetts, and now constitutes part of the city of Fall River in this county.

On the 28th of February 1862 the legislature of this Commonwealth passed an act, to take immediate effect, for the regu lation of suits at law and equity affected by the establishment of the boundary line between the two states. St. 1862, *c.* 48. The first and second sections of this act related exclusively to suits pending in the courts of this Commonwealth, and to the transmission of such suits to courts of Rhode Island. The third section, and the only one which has any bearing upon this case, declared that it should be lawful for the proper courts of this Commonwealth to entertain jurisdiction of all suits in law or equity, lawfully depending on said first day of March in the

---

* This, with the two cases following, was argued at Boston in January 1869.

courts of Rhode Island " in and for such portion of the territory of that state " as was by the decree of the supreme court of the United States to be thereafter deemed a part of the territory of this Commonwealth, " whether such suits affect persons, property or other rights; " provided that either party should at any time before final judgment or decree in the courts of Rhode Island have filed in the proper courts of this Commonwealth copies of the process, papers and proceedings in the same, whereupon the case should proceed in the courts of this Commonwealth as if originally instituted therein; but that, if in any such case the courts of Rhode Island should retain jurisdiction after said first day of March and proceed to final judgment and decree, then such judgment and decree, being duly certified, might be entered within six months from its date in this court for the county of Bristol, and execution or other lawful process issued here to give it due effect as if it had been rendered by the courts of this Commonwealth.

This plaintiff brought a suit in equity in 1858 in the supreme court of Rhode Island for the specific performance of a written contract for the conveyance of land in that part of Fall River, then a part of that state, but now a part of this Commonwealth. The plaintiff resided in that part of Fall River at that time, and until November 1860, when he removed into the other part of Fall River, which has always been in this Commonwealth, and has since resided there. The defendant has always resided in the last mentioned part of Fall River, but was served with a subpœna in Rhode Island, appeared and answered in the suit there in 1859, and never made any objection to the jurisdiction of that court. Neither party having removed the cause into the courts of this Commonwealth before final judgment, as either might have done under the St. of 1862, *c.* 48, § 3, the supreme court of Rhode Island in September 1868 passed a final decree for the plaintiff, which has been since duly certified to this court in the manner provided by the statute.

The plaintiff now moves this court for such order or process as may give effect to the decree of the supreme court of Rhode Island And we are all of opinion that the motion should be

granted. A suit for specific performance of a contract for the conveyance of land proceeds *in personam*, and may be maintained in any court of equity which has jurisdiction of the parties, even if the land lies in another state or a foreign country. *Massie* v. *Watts*, 6 Cranch, 158–160. *Pingree* v. *Coffin*, 12 Gray, 304, 305. At the time of the commencement of this suit, the supreme court of Rhode Island had jurisdiction of both parties, for the plaintiff resided in that state, the defendant was served with process there, and both submitted themselves to the jurisdiction, the one by bringing the suit, and the other by appearing and answering therein. The subsequent removal of the plaintiff into this Commonwealth did not affect the jurisdiction which had once attached. *Morgan* v. *Morgan*, 2 Wheat. 290. That jurisdiction was originally conferred, not by the laws of this Commonwealth, but by the laws of Rhode Island. As it was founded on the residence of the plaintiff in Rhode Island at the time of filing his bill, it was within the St. of 1862, *c*. 48, § 3; upon the territory in which he then resided becoming part of this Commonwealth, either the plaintiff or the defendant might at once have removed the cause into this court for further proceedings; but, neither having done so, the supreme court of Rhode Island was authorized by the statute to proceed to a final determination of the rights of the parties; its decree is conclusive upon the merits of the cause, and having been duly certified to this court, the plaintiff has the same right to process to carry it into effect as if the suit had been commenced, prosecuted and decided in this court. If the St. of 1862 had undertaken to authorize either party, after final judgment in a court of another state, having jurisdiction of the cause and of the parties, to try this case again upon the merits, it would have been more open to the objections made by the defendant at the bar, and in the case, which he cites, of *Wetherbee* v. *Johnson*, 14 Mass. 412. *Process to issue for specific performance.*

*J. C. Blaisdell*, for the plaintiff.

*L. Lapham*, for the defendant.