Gerry *v.* Stimson.

SALLY GERRY, in equity, *vs.* ANDREW J. STIMSON, adm'r, & others.

*Trust. Dower. Administrator—injunction of. Deed—improper retention by wife of grantor.*

Evidence of the object and purpose for which a conveyance was made, is not admissible to convert the deed purporting to be an absolute conveyance into one of any trust not expressed therein.

The wife of such grantee has a right of dower in the premises.

Where such a conveyance was intended to be in trust for the grantor and his wife, but the trust was not expressed in the deed, no resulting trust can arise from the subsequent payment of money by the children of the grantor.

The administrator of an intestate estate may be enjoined from casting a cloud, by means of a fictitious sale, upon the title of property once held, but subsequently *bona fide* sold by his intestate.

When the wife of the grantor in a deed which has been delivered, receives it for the avowed purpose and with the agreement to join her husband therein, and release her right of dower in the premises, and subsequently refuses to surrender the deed or the consideration for her release, the grantee is the proper party to seek redress, although he has conveyed the premises to another.

BILL IN EQUITY.

Heard on demurrer.

The case is sufficiently stated in the opinion.

*E. B. Smith,* for the complainant.

*Bradbury & Bradbury,* for the respondents.

APPLETON, C. J. The case comes before us upon bill and demurrer.

The complainant in her bill alleges that she was married to one Joshua Gerry; that prior to 1846, said Gerry had acquired by deed a title to the lot of land described in the bill; that being embarrassed in his affairs and of intemperate habits, 'it was talked over and arranged amongst the family of said Joshua' 'that said Joshua should part with his title to the land for the benefit of his family before the same should be squandered and lost, and that the children

of said Joshua should all join together and help pay up the debts of
their father, and that the land should be deeded to one of the children
to hold the same in trust for a homestead for the said Joshua and
this complainant during their lives and the life of the survivor of
them, and after their decease in trust for their children, the same as
though said Joshua had not parted with title therein;' that on
4th October, 1846, said Joshua conveyed said premises to his son
Oliver, 'by deed in common form;' that said Oliver paid nothing
for the conveyance; that said Joshua deceased in March, 1863,
leaving heirs; that ever since the giving of said deed, the premises
have been used and occupied as the family homestead by said
Joshua and this complainant during his life-time, and, since his de-
cease, by this complainant; that the children of said Joshua have
paid divers sums for the repairs and improvement of said homestead
and discharge of the debts of said Joshua; that said Oliver paid a
portion of said sums; that he married Eliza A. Stimpson, by whom
he had three children living; that during the life-time of said Oliver,
said Eliza claimed that as wife she had the right of dower in said
premises, and denied that said Oliver held the land in trust; that
to prevent future difficulties it was arranged that Jotham Gerry
should take a deed in trust for the life of this complainant and
then in fee-simple to said Jotham after her decease; that said Eliza
refused to release her dower unless said Jotham would give his note
for $200; that said Jotham did give his note for that sum running
to said Eliza; that said Oliver did make and execute a deed to said
Jotham with the trust to this complainant expressed therein; that
said deed was dated in February or March, 1866, and delivered to
said Jotham; that said Jotham went to said Eliza with said deed
and note; that she took the same and agreed to sign the deed; that
she now holds the deed and note, and refuses to deliver either the
note or deed to said Jotham; that said Oliver deceased leaving
other property more than sufficient to pay his debts; that Andrew
J. Stimpson, one of these respondents, was appointed administrator
on the estate of said Oliver; that after obtaining due license there-
for, he proceeded to sell the same at public auction to one Ephraim

Spinney; that before the conveyance was made and executed, the said Spinney being notified of the trust estate aforesaid, would not take a deed; that said Oliver while he held the title mortgaged the said estate by two several mortgages to one John McIntyre; that said McIntyre assigned said mortgages, and the notes thereby secured, to said Jotham, and that said Jotham assigned the same to this complainant; that the heirs of said Joshua on 23d September, 1869, by their deed of that date conveyed all their right and interest in the premises in controversy to this complainant, the said Jotham joining as a grantor therein; that the deed from said Joshua to said Oliver makes a cloud upon this complainant's title, though in fact she is seized in fee of the premises; that notwithstanding the premises the said Eliza and the said Andrew are still endeavoring to hold said premises, and to turn this complainant out of the possession thereof; that she is remediless at law, and can only be protected in a court of equity, and cannot, without the aid of this court, sitting in equity, have the cloud that rests upon her title removed, and the said Eliza and said Andrew, and the children of said Eliza, their aiders and abettors, enjoined from proceeding to make fictitious titles upon the premises of this complainant, and further embarrassing the title thereof.

The bill then prays for an injunction upon the respondents against setting up and acting under the title of said Oliver, etc., etc.

To the bill there is a general demurrrer.

1. It is claimed that the estate in Oliver by deed from his father, of Oct. 4, 1846, was in trust. But the deed is in common form, and it discloses no trust. Now by the statutes of this State, all trusts must be 'created or declared by some writing signed by the party or his attorney' except those 'arising or resulting by implication of law.' R. S., c. 73; § 11. The conversations and intentions of the family before the deed was given could not alter or change its effect. Parol evidence of the object and purpose for which the conveyance was made thereby, to convert the deed into one of trust, is not admissible. *Flint* v. *Sheldon*, 13 Mass. 448.

Nor is there a resulting trust. The payments by the different

members of the family were made at different times after the title was in Oliver. Nothing was paid by any one when the conveyance was made, and it is well settled that no resulting trust can arise from the payment or advance of money after the purchase is completed. *Farnham* v. *Clements*, 51 Maine, 426. *Dudley* v· *Bachelder*, 53 Maine, 403.

2. The bill sets forth mortgages given by said Oliver to one McIntyre, and duly assigned to the complainant. The mortgages, if subsisting, are valid in the hands of the assignee, and it is not perceived that her title could be affected by anything which the respondents might do. As the assignee of a valid outstanding mortgage, the complainant has no occasion to ask the intervention of this court, as a court of equity. Her remedies at common law are ample and sufficient.

3. The bill alleges that Oliver deeded the premises in dispute to Jotham, by deed dated in February or March 1866, and that that deed was duly delivered to the grantee, and that he by his deed of Sept. 23, 1869, conveyed the same to this complainant, thus transferring to her the legal title to the same. All this the demurrer admits. It is only by virtue of the title thus acquired, that this bill can be sustained, if at all.

4. The material allegations in the bill are, that the complainant has the legal title to the premises in controversy; that Oliver had parted by deed with his title thereto; and that the administrator upon his estate, Andrew S., proposes to sell these premises as a part of said Oliver's estate, thereby embarrassing the complainant and creating a cloud upon her title.

It is well settled that courts of equity will order to be cancelled, or set aside, or delivered up, deeds or other legal instruments, fraudulent, fictitious, and void, which are a cloud upon the title to real estate. But the same reason, which justifies the court to compel the cancellation of a deed, or a release of supposed rights acquired under it, will authorize the prevention of such fictitious and fraudulent titles coming into existence. It is better to prevent the creation of a fictitious or fraudulent title, than to compel its cancellation or its release after it had been created.

' The jurisdiction of this court,' observes Chancellor Walworth in *Pettit* v. *Shepherd*, 5 Paige, 501, ' to set aside deeds and other legal instruments, which are a cloud upon the title to real estate, and to order them to be delivered up and cancelled, appears now to be fully established. See *Ward* v. *Ward*, 2 Hayw. 226; *Leigh* v. *Everhart's Ex'rs*, 4 Munroe, 380; *Hamilton* v. *Cummings*, 1 Johns. 517; *Apthorp* v. *Comstock*, 2 Paige, 482; *Grover* v. *Hugell*, 3 Russ. 432. And if a court of chancery would have jurisdiction to set aside the sheriff's deed which might be given on a sale, and to order the same to be delivered up and cancelled, as forming an improper cloud upon the complainant's title to his farm, it seems to follow as a necessary consequence, that the court may interpose its aid to prevent such a shade from being cast upon the title, when the defendant evinces a fixed determination to proceed with the sale.'

Now whether the fictitious title arises from a sale by a sheriff or by an administrator can make no difference. The cloud thus arising would be as injurious in the one case as in the other. ' Whatever doubts might once have been entertained of the jurisdiction of a court of equity, . . . have been settled by modern decisions,' observes Gilchrist, C. J., in *Downing* v. *Wherren*, 19 N. H. 91, ' and the relief afforded seems to be on the principle of a bill *quia timet*, lest the deed might be injuriously used against the party, or might throw a cloud or suspicion over his title.'

It seems, therefore, upon the facts as admitted by the demurrer, that the bill may be sustained against the administrator, and that he may be enjoined from proceeding to sell the premises in question, as a part of the real estate of his intestate.

The allegation that the deed of Joshua to Oliver makes a cloud upon the demandant's title is erroneous. She claims under and through this deed. The deed of Oliver to Jotham and from Jotham is the chain she sets forth as the basis of her claim. It is not, then, that the deed to Oliver is a cloud upon her title, it is that a deed subsequent thereto, from Oliver to Jotham, is wrongfully withheld from the possession of the grantee, that constitutes the source of embarrassment.

5. It is apparent that the widow of Oliver has a right of dower, unless she has joined with her husband and released it in the deed from him to Jotham. If she agreed to do it and has not done it, the note which was the consideration for doing it would be void. The improper retention of the deed of Jotham, or the violation of her contract with him, are wrongs to him, for which he is the proper party to seek redress. The bill does not allege that she has any interest save as dowress, nor that she has interferred with or intends to interfere with the title of the complainant, or to do any act which would cast a cloud upon her title. The allegations that her children have title are no more than an assertion of opinion on her part. Her claim for dower would seem to be valid, unless in some way discharged.

The bill as to Eliza Stimpson cannot be sustained.

6. The heirs of Oliver are made parties to the bill. They have an interest in the subject-matter of this litigation, and, being minors, should answer by guardian.

7. The result is, that the demurrer of Eliza Stimpson is good and is allowed as to her. The demurrer of Andrew J. Stimpson must be disallowed, and he is to answer further.

KENT, WALTON, DICKERSON, BARROWS, and TAPLEY, JJ., concurred.