## MARY A. WHITE *vs.* EDMUND M. WARREN.

Suffolk.    December 4, 1912. — March 1, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Marriage and Divorce.    Dower.    Equity Jurisdiction.*

In a Rhode Island court a wife procured a divorce. Both parties were residents of Rhode Island. A statute of Rhode Island provided in substance that, unless a woman so divorced claimed her dower rights in her former husband's real estate by proceedings begun within six months, she forfeited such rights, that if during such six months she made a claim for alimony, such claim for alimony should constitute her only relief and her dower should be "deemed to be waived and released," and that "otherwise than as provided" in the sections of the statute containing such provisions, the wife, on a divorce being granted, should have no right in the estate of her husband. The wife within six months after the decree of divorce made a claim for alimony in the Rhode Island court, and the matter was referred to a master. Thereafter, also within six months from the decree of divorce, she brought a suit in equity in Massachusetts to enforce rights of dower in real estate of her husband here. *Held,* that the

bill should be dismissed because, under the statute described, the plaintiff, by making a claim for alimony in Rhode Island, had waived her dower rights to real estate in Massachusetts of her former husband.

DE COURCY, J. This is a bill in equity by which the plaintiff seeks to compel her former husband, from whom she had obtained a divorce in Rhode Island for his adultery, to convey to her a dower interest in certain lands situated within this Commonwealth; and alleging as a basis for relief in equity that by reason of certain fraudulent conveyances made by him, her remedy at law is hindered and her title to dower clouded. She relies on R. L. c. 152, § 24, which provides: "After a divorce, a wife shall not be entitled to dower in the land of her husband, unless, after a decree of divorce *nisi* granted upon the libel of the wife, the husband dies before such decree is made absolute, except that, if the divorce was for the cause of adultery committed by the husband or because of his sentence to confinement at hard labor, she shall be entitled to her dower in the same manner as if he were dead." *

The defendant filed a plea to the bill, which set up c. 247, §§ 5, 6, 7, of the General Laws of Rhode Island, 1909, as follows:

"Wherever a divorce is granted for fault on the part of the husband, the wife shall have dower as if the husband were dead; but such dower shall be claimed on proceedings begun within six months after the absolute decree, and, if not claimed within said period, or if claim be made for alimony within said period, then dower shall be deemed to be waived and released, and the only relief of the wife shall be a claim for alimony chargeable upon the estate of the husband, or some specific portion thereof, as the court may decree. . . .

"Whenever a divorce is granted for fault on the part of the wife, the husband, if he be entitled to curtesy-initiate, shall have a life-estate in all the lands of the wife as if the wife were dead, but subject to such allowance to the wife, to be charged on such life-estate, as the court in the peculiar circumstances of the case may deem just and proper.

"Otherwise than as provided in the two preceding sections,

---

* This bill was filed in the Supreme Judicial Court on February 29, 1912. The absolute decree of divorce was made by the Rhode Island court on October 4, 1911.

neither husband nor wife, on divorce being granted, shall have any right in the estate of the other."

The plea further alleged that the plaintiff and the defendant were citizens of Rhode Island and subject to its laws and to the jurisdiction of its courts; that in the divorce action in Rhode Island, within six months after the entry of the absolute decree of divorce therein, the plaintiff claimed alimony, and on January 19, 1912, a decree was entered, which decree is more fully described hereinafter; that the proceedings under that decree are pending, and that, the plaintiff having made her claim for alimony as provided by the statute, and alimony having been decreed, all dower rights in the land of her husband have been waived and released, including the dower right referred to in the bill.

By the decree referred to it was adjudged that the plaintiff was entitled to alimony out of the property and estate of this defendant; and for the purpose of ascertaining the amount of such alimony and the property upon which it might be established as a lien, the cause was referred to a master to ascertain and report to the court the nature, character and value of all the property of the defendant of every nature and description. The master was specially ordered to inquire into the conveyances by the defendant of real estate in Massachusetts and other States, some of which transactions the plaintiff complains of in this bill, and to determine whether they were made in fraud of the plaintiff's rights.

To this plea the defendant demurred. The demurrer was overruled and a final decree was thereupon entered dismissing the bill. The case is here on the plaintiff's appeal from this decree.

The parties are in accord as to the well established principles of law suggested by the record, and an extended discussion of them becomes unnecessary. Upon the granting of a divorce the plaintiff's right of dower became a legal estate to the same effect as if the marriage relation had then been terminated by the death of the defendant. Being an interest in land it is governed by the law of the place where the property subject to dower is located. *Staigg* v. *Atkinson,* 144 Mass. 564. But, while the Legislature of Rhode Island has no power to regulate dower in land located in this Commonwealth, its courts do have power to proceed *in personam,* notwithstanding that the decree incidentally affects land in another jurisdiction. *Fall* v. *Eastin,* 215 U. S. 1. *Bullock* v.

*Bullock,* 7 Dick. 561.  *Penn* v. *Lord Baltimore,* 1 Ves. Sr. 444.
*Massie* v. *Watts,* 6 Cranch, 148.  *Brown* v. *Desmond,* 100 Mass. 267.
It is equally clear that the plaintiff herself had full power to re-
lease her dower right in any and all lands of the defendant, in any
lawful manner; and a waiver of those rights may be as effectual a
bar as a formal instrument of release.  *Vincent* v. *Spooner,* 2 Cush.
467.  *Freeland* v. *Freeland,* 128 Mass. 509.  *Tatro* v. *Tatro,* 18 Neb.
395.  *Adams* v. *Storey,* 135 Ill. 448.  *Owen* v. *Yale,* 75 Mich. 256.

Although the parties are not in dispute as to the validity of these
principles, the real controversy in the case is as to which of them
is applicable.  The controlling issue involves the construction
of the Rhode Island statute and the effect of the plaintiff's applica-
tion for permanent alimony.

The main purpose of the plaintiff in this bill is to obtain her
dower interest in Massachusetts lands; and she is entitled to such
interest unless she has waived her right to it by her divorce
proceedings in Rhode Island.  The defendant contends and the
plaintiff denies that she has so waived her dower rights in Massa-
chusetts as well as those in Rhode Island.  In our opinion the
defendant's view is correct.  The plaintiff was a citizen of the
latter State and voluntarily invoked the benefit of its laws at
the hands of its court.  The statute under which she proceeded
deprived her of dower, presumably in Rhode Island land, un-
less she claimed it on proceedings begun within six months
after the absolute decree of divorce.  If during those six months,
instead of claiming dower she made claim for alimony, it was ex-
pressly provided that "dower shall be deemed to be waived and
released."  If the statute contained no more, it well might be
construed as limiting the waiver to real estate in Rhode Island.
But it further provides that where such claim for alimony is made
it shall constitute the only relief of the wife; and this is followed
by the broad provision, "Otherwise than as provided in the two
preceding sections, neither husband nor wife, on divorce being
granted, shall have any right in the estate of the other."  It
seems to us that by the reasonable construction of such language
the waiver applies to the plaintiff's dower rights wherever the
land is situated.  Furthermore this question, whether the Rhode
Island statute was framed to make such application for alimony
a waiver of dower in land wherever situated, seems to us to be

settled by the construction put upon the statute by the courts of that State. The Superior Court, Providence County, upon the present plaintiff's petition for alimony, adjudged that she was entitled thereto out of the property and estate of the defendant, and for the purpose of ascertaining the amount of such alimony and the property upon which the same might be established as a lien, referred the case to a special master in chancery to ascertain and report to the court forthwith the nature, character and value of all his property, of every nature and description. What is more significant, the master was specially ordered to make inquiry into recent conveyances of his real estate in Massachusetts and other specified States outside Rhode Island, and to determine whether they were made in fraud of the plaintiff's rights.

Even if the meaning of the statute seemed less clear, we should be largely governed by the construction of it adopted by the courts of Rhode Island and implied in the decree of the Superior Court of that State, which is that the plaintiff's claim of alimony under the statute is a waiver of dower in the defendant's real estate wherever situated. *Bond* v. *Appleton,* 8 Mass. 472. *Hackett* v. *Potter,* 135 Mass. 349. *Commonwealth* v. *Stevens,* 196 Mass. 280.

The plaintiff was free either to apply for alimony in Rhode Island under such conditions, or to claim her dower rights in Massachusetts and elsewhere, and she voluntarily elected to pursue the former remedy. Presumably she did so with the reasonable expectation that the court would allow her as alimony a just and proportional amount of the defendant's entire property, including his real estate, if any, in this Commonwealth. If the result is to deprive her of dower rights as such, that is due solely to the fact that she has knowingly waived them by her conduct and elected to take in lieu thereof a permanent alimony that she thought equivalent. Having made her election, by the very terms of the statute she must be deemed to have waived and released dower, and cannot now enlist the aid of a court of equity to secure dower in addition.

The decree adjudging the plea to be sufficient and dismissing the bill must be affirmed; and it is

*So ordered.*

*J. C. Bassett,* for the plaintiff.
*G. L. Mayberry,* (*J. Burke* with him,) for the defendant.