JENNIE D. TARBELL
*vs.*
LESLIE F. COOK, ET AL.

Washington.  Opinion, October 6, 1950.

*Oscar L. Whalen,*
*John J. Mahan,* for appellant.

*Francis E. Day,* for appellees.

*Linnell, Brown, Perkins,*
*Thompson & Hinckley,* for executor.

SITTING: MURCHIE, C. J., FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.  (THAXTER did not sit.)

NULTY, J.  This case comes before this court on appeal by the plaintiff from the decree of the sitting justice dismissing the bill in equity filed by the plaintiff.

According to the docket entries the plaintiff died before this action was argued in the Law Court and the executor appears to prosecute this appeal.  The bill in equity seeks the cancellation of a deed given by the plaintiff to the defendants dated December 3, 1947, as well as other incidental relief.  The hearing before the sitting justice was had on bill, replication and proof and from a careful reading of the evidence the following facts could be found:

Plaintiff was a lady ninety years of age of remarkably good reason and memory for a person of that age. Her hearing was somewhat impaired but to no considerable degree. Her eyesight was defective but sufficient and adequate for all general purposes.

Some time in the fall of 1947 the plaintiff and defendants began negotiations to provide the plaintiff with a home, care and companionship for the remainder of her days and to assure to the defendants the ownership of the plaintiff's home after plaintiff's death with the right of co-occupancy by the defendants with plaintiff during the balance of plaintiff's life. Before all arrangements had been completed the defendants moved into plaintiff's house. Negotiations continued and from the record it appears that plaintiff was reluctant to convey her real estate to the defendants during her lifetime and the defendants were equally adverse to rely upon a devise by will of plaintiff. Plaintiff suggested that perhaps the practicing attorney who had acted for plaintiff in the settlement of her husband's estate might be able to assist both plaintiff and the defendants and the defendants arranged a conference of all parties with the attorney. After a somewhat lengthy session during which the attorney represented the plaintiff and defendants, plaintiff executed and delivered a deed of her property to the defendants as joint tenants which contained the following condition:

> "This conveyance is made upon the following condition — That the said Jennie D. Tarbell hereby reserves to herself a life tenancy in said real estate together with the right to the use and occupancy of said home in common with the grantees during the remainder of her lifetime."

There is ample evidence in the record—and the sitting justice so found—that plaintiff was fully informed of the nature, effect and significance of the deed which she executed and delivered to the defendants and while different arrangements could have been made which would have ac-

complished the same result, the sitting justice found, and there was ample evidence to support it, that the steps which had been taken were adequate and were the agreement of the parties fairly and voluntarily made. The effect of the deed with the condition attached accomplished what was sought by the parties and the defendants agreed to maintain the home, provide food for plaintiff, pay the taxes, look out for incidentals and care for plaintiff in the usual and customary way. The sitting justice also found that there were no variant understandings of the trade and no mistake or fraudulent or inequitable conduct and that plaintiff had received from her contract with the defendants the consideration belonging to her until outside parties intervened.

It will serve no useful purpose to further discuss the facts. In our opinion there was ample credible evidence to support all the findings of the sitting justice. The plaintiff claims that there was no meeting of the minds of the parties and that plaintiff, by reason of mistake, misconception, misunderstanding and ignorance, signed and delivered the deed. The sitting justice, who saw the witnesses and heard the evidence, ruled otherwise and stated in his findings that the evidence warranted a finding that the plaintiff intended to give a deed of the remainder of her property to the defendants with right of co-occupancy in plaintiff during plaintiff's life and that the credible evidence did not warrant the issuance of a decree cancelling the deed.

Under the law of the State of Maine an equity appeal is heard anew on the record. See *Cassidy et al.* v. *Murray et al.*, 144 Me. 326, 74 A. (2nd) 230; *Tuttle* v. *Howland et al.*, 143 Me. 394, 75 A. (2nd) 374.

It is also the law that findings of fact by a sitting justice will be conclusive unless clearly wrong and the burden is upon the appellant to prove it. We said in *Levesque* v. *Pelletier*, 144 Me. 245, 68 A. (2nd) 9:

"The findings necessarily made by a sitting justice in equity of facts proved, or that there was a lack of proof, are not to be reversed on appeal unless the findings are clearly wrong. The burden to satisfy the Law Court that they are clearly wrong is upon the appellant, and unless so shown the decree appealed from must be affirmed. *Adams* v. *Ketchum,* 129 Me. 212, 151 A. 146."

There was a very full and adequate hearing in this matter and it is our opinion, after consideration of the same, that the findings of the sitting justice were correct and that there was ample credible evidence to support them and, under the decisions of this court they will not be disturbed, there being no error of law apparent and the factual findings being correct. It, therefore, follows that the final decree entered by the sitting justice should be affirmed and the appeal of the plaintiff dismissed. Let the entry be

*Appeal dismissed.*

*Decree below affirmed.*