HENRY H. STRATER

*vs.*

MARGARET C. STRATER

York.   Opinion, August 24, 1951.

*Varney & Fuller,* for plaintiff.

*Philip G. Willard,* for defendant.

SITTING:  MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

NULTY, J.   This case comes before us on appeal by the defendant from a decree of the sitting justice of the Superior Court in Equity for York County.   It appears from the record that the defendant, for cruel and abusive treatment because of the fault of the plaintiff, was granted a divorce at the January Term 1942 in the County of York. The record further shows that after long and protracted negotiations, participated in by themselves and their attorneys, the parties entered into an agreement with respect to the contents of the divorce decree concerning their prop-

erty affairs. This agreement contained the following language:

> "It is hereby stipulated and agreed, by and between the parties, that the following may be incorporated in the Court's decree relative to all finances."

Although the stipulation was in no way binding upon the court, the court adopted it by including in the decree of divorce the following provision:

> "It is further ordered and decreed that *alimony and all property adjustments between the parties* shall be in accordance with stipulations filed with the Clerk of Courts, which hereby are made and become part of this decree; ------------." (italics ours)

By this order the rights of the parties were settled in accordance with the terms of the stipulation. They were settled, however, by the order which adopted the stipulation, not by the stipulation itself. The agreement did not even purport to settle the property affairs of the parties, but contemplated action by the court for that purpose, and gave the consent of the parties that such action by the court might be in accordance with its terms. Some time later the plaintiff became aware that the defendant maintained and claimed that she had certain rights by descent in and to the real estate owned by the plaintiff at the time of the divorce and soon found that he would not be able to convey the real estate because the defendant would not sign the deeds and, in addition, notified prospective purchasers through her attorney of her alleged claims to said real estate. Being unable to dispose of his real estate, the plaintiff instituted the instant bill in equity seeking to have the equity court order the defendant to sign a quit-claim deed releasing any claim or interest to the real estate which the plaintiff owned at the date of the decree of divorce. Answer was filed by the defendant which in substance denied that the memorandum of agreement or stipulation subsequently

incorporated into the divorce decree provided a complete settlement of the property rights to the exclusion of the defendant's statutory rights provided for in Section 9, Chapter 73, Revised Statutes 1930, now Section 62, Chapter 153, Revised Statutes 1944. In short, the defendant denies that the decree of the court incorporating the memorandum of agreement was intended as a full and final settlement of the property affairs of the parties in so far as the real estate of the plaintiff was concerned.

The matter came on for hearing on bill, answer and proof, both oral and documentary. The sitting justice, after hearing, made certain findings and a decree was entered directing the defendant to release by appropriate deed or conveyance all her right, title and interest in and to any real estate owned by the plaintiff with one exception not pertinent to the decision of this case as of the date of said divorce decree.

We have repeatedly held, and citation of authority is almost unnecessary, that under the law of our State an equity appeal is heard anew on the record and that findings of fact by the sitting justice will be conclusive unless clearly wrong and the burden is on the appellant to prove it. *Tarbell* v. *Cook*, 145 Me. 339, 75 A. (2nd) 800. There is credible evidence in the record from which the sitting justice could find that the plaintiff and defendant intended and hoped that the agreement between them exhausted property relations between them and this finding is fortified by the decree of the court below when it ordered that "all property adjustments shall be in accordance with stipulations filed with the Clerk of Courts." In fact, it appears that the decree of divorce was predicated upon the stipulations between the plaintiff and the defendant. The terms of these stipulations became the terms of the decree of divorce so that thereafter the obligations of the parties as defined in the stipulations would be imposed upon them by the decree of divorce.

The defendant now, however, claims by her answer that because the decree and its provisions made no provision as a matter of law for obviating the provisions of what was then R. S., 1930, Chapter 73, Section 9, the pertinent part of which reads as follows:

"- - -When a divorce is decreed to the wife for the fault of the husband for any other cause (than impotence), she shall be entitled to one-third in common and undivided of all his real estate, except wild lands, which shall descend to her as if he were dead; - - - - -. The court may also decree to her reasonable alimony out of his estate, having regard to his ability; and to effect the purposes aforesaid, may order so much of his real estate, or the rents and profits thereof, as is necessary, to be assigned and set out to her for life; or instead of alimony, may decree a specific sum to be paid by him to her; - - - -."

the defendant became possessed of a one-third interest in common and undivided of the plaintiff's real estate because of the words in the statute above set forth "shall descend to her as if he were dead." The defendant also takes the position that her rights in the plaintiff's real estate were transferred to the defendant by operation of the statute without the necessity of any decree and that the decree of divorce could not effectively modify or take away such statutory rights except by specifically ordering the defendant to release the interest which descended to her by the operation of the statute herein quoted.

An examination of the agreement (called in the decree "stipulations") discloses that certain parcels of the real estate of the plaintiff were considered and one parcel the plaintiff agreed to convey to a trustee for the defendant in the form of a limited life estate together with a limited right of way for foot passage only over another parcel which was to be used by the defendant. These facts simply strengthen the claim of the plaintiff that *all property ad-*

*justments between the parties shall be in accordance with stipulations* (see divorce decree, *supra*) (italics ours). The divorce decree — standing alone — may have created in the defendant a record legal title to the real estate—see *White* v. *Warren,* 214 Mass. 204, 206—but under the facts and circumstances appearing here it does not seem to this court that it was the intention of the parties and the court as shown by the decree of divorce that the defendant should acquire any interest in the real estate of the plaintiff. A decree settling the property affairs of the parties to a divorce is not invalid because the court has adopted their stipulations as to its contents. Even agreements for such purposes are valid if fairly and properly made. *Coe* v. *Coe,* 145 Me. 71, 71 A. (2nd) 514. In the instant case the sitting justice found, and in his finding we concur, that although "there obtained superficial thinking and inexhaustive action in the preparation and rendition of the decree" the meaning of the court was clear. Such being the case and there being ample credible evidence to support the findings of the sitting justice, there are legal consequences flowing from the decree which in equity and good conscience must be clarified and corrected by this defendant to clear the record title of the real estate of the plaintiff. In other words, the claim of the defendant with respect to the real estate of the plaintiff creates at least a cloud on the record title of the plaintiff which must be clarified and corrected, as we have said above. The divorce decree gave the defendant certain benefits in lieu of alimony with, in our opinion, the intention of the plaintiff and the defendant and the court that such benefits should be exhaustive of all property adjustments between the plaintiff and defendant. The defendant has accepted and enjoyed the benefits of the decree. We said in *Gerry* v. *Stimson,* 60 Me. 186, 189:

> "It is well settled that courts of equity will order to be cancelled, or set aside, or delivered up, deeds or other legal instruments, fraudulent, fictitious, and void, which are a cloud upon the title to real

estate. But the same reason, which justifies the court to compel the cancellation of a deed, or a release of supposed rights acquired under it, will authorize the prevention of such fictitious and fraudulent titles coming into existence. It is better to prevent the creation of a fictitious or fraudulent title, than to compel its cancellation or its release after it had been created."

The decree of the sitting justice below ordering the defendant to give full effect to the divorce decree issued by the York County Superior Court at the January Term A. D. 1942 by releasing by appropriate deed or conveyance all her right, title and interest in any real estate owned by the plaintiff with the one exception heretofore referred to as of the date of said divorce decree was correct and must stand.

*Appeal dismissed.*

*Decree below affirmed.*