WALTER FARRIS v. RECEIVERS OF RICHMOND & DANVILLE RAILROAD COMPANY.

*Corporation—Service of Process on Local Agent—Practice.*

1. An action against the receivers of a corporation is, in fact, an action against the corporation ; hence, under section 217 of *The Code*, service of summons on a local agent is service on the receivers.

2. No appeal lies from a motion to dismiss an action. The proper practice upon a refusal of such a motion is to note an exception in the record and proceed on the merits, as pointed out in *Guilford* v. *The Georgia Co.*, 109 N. C., 310.

This was a motion by defendants to dismiss, heard before *Boykin, J.*, at Spring Term, 1894, of MECKLENBURG Superior Court.

It was admitted that the defendants were non-residents, and were not a corporation, but had been appointed receivers of the Richmond & Danville Railroad Company, a railroad corporation, by the Circuit Court of the United States for the Eastern District of Virginia, and that T. T. Smith was their managing agent at Charlotte, N. C.

The Sheriff's return of the summons was as follows:

" Received Dec. 4, 1893.    Executed Dec. 5, 1893, by delivering a copy of the within summons to T. T. Smith, agent of the defendants at Charlotte, N. C.

" Z. T. Smith, Sheriff."

The defendants entered a special appearance, by their attorneys, and moved to dismiss upon the ground that the defendants, being non-resident individuals, could not be brought into Court by the delivery of a copy of the summons to their agents; that this provision of the law, *Code*, sec. 217, for the service of summons by delivering a copy to an agent applied only to corporations.

Motion overruled, and defendants excepted and appealed.

*Messrs. Walker & Cansler*, for plaintiffs.

*Messrs. G. F. Bason* and *F. H. Busbee,* for defendants (appellants).

CLARK, J.: This is an action against "S., H. and F., receivers of R. & D. R. R. Co." It is not an action against them individually. It is, in fact, an action against the corporation. The recovery, if any, must be paid out of the property of the corporation. The receivers are named only because they are temporarily in management of the corporation in place of its regular officials. *The Code*, 217, provides that when an action is against a corporation, service of summons can be made on a local agent. Here, service was upon the station agent at Charlotte. He could as readily notify the receivers as he could the president, if the latter had been in charge, and he was as truly the local agent of the corporation, as the corporation is in fact the real defendant. Whether any judgment recovered might or might not be paid in preference to other debts of the corporation does not affect this question. In *Eddy* v. *Lafayette*, 49 Fed. Rep., 807, it is held that the act of Congress (24 U. S., St., 554, 3 Mar., 1887, secs. 2 and 3) authorizing suits to be brought against receivers without special leave, " placed receivers on the same plane with railroad companies, both as respects liability to be sued for acts done while operating the railroad and as respects the mode of obtaining service," and hence upheld the sufficiency

of service on a local agent, as in our case. The same service was held sufficient in *Trust Co.* v. *R. R.*, 40 Fed. Rep., 426.

We have decided the question of practice, but it must be noted that the appeal was improvidently taken. No appeal lies from a refusal to dismiss, as has been repeatedly held. The defendants should have had their exception noted in the record and have proceeded on the merits. This is pointed out in *Guilford* v. *The Georgia Co.*, 109 N. C., 310.

Appeal Dismissed.