L. V. GRADY v. RICHMOND & DANVILLE RAILROAD COMPANY.

*Summons—Service on Agent of Receivers—Amendment of Sheriff's Return.*

1. The Court may permit the Sheriff to amend his return so as to make it speak the truth, and the amendment when made relates back to the original return.

2. A return of service of a summons which was made on a local agent of a railroad company in the hands of Receivers, and which recited that it was served by delivering a copy to a person named "agent of the defendants Co.," may be amended by striking out the word "Co."

3. Service of a summons upon the Receivers of a corporation is service upon the corporation itself as fully as if made upon the president and superintendent.

4. A service of a summons upon the local agent of the Receivers of a corporation has the same legal effect as if made upon the Receivers personally.

CIVIL ACTION by L. V. Grady against the Richmond & Danville Railroad Company, heard before *Hoke, J.*, at Spring Term, 1895, of DUPLIN Superior Court.

The summons was issued against the R. & D. Railroad Co., and Samuel Spencer, F. W. Huidekoper and Reuben Foster, Receivers, who were then in charge of its property, returnable to DUPLIN Superior Court on the 1st Monday in August, 1894 (Aug. 6), and was served 23 May, 1894, by the Sheriff of Wayne County, who delivered a copy of it to C. M. Levister who was "the local agent employed in charge of the freight office at Goldsboro, collecting freight charges, etc." The Sheriff returned the summons endorsed,

GRADY *v.* RAILROAD COMPANY.

"Served by delivering a copy of this summons to C. M. Levister, Agent of the defendants Co." At the August Term judgment by default and inquiry was taken, and at December Term a jury was impanneled and final judgment entered. At February Term, 1895, the defendants, upon notice dated 3 January, 1895, moved to set aside the said judgments because they "are irregular and void and entered without any service of process upon the defendants above named or any of them."

His Honor found as facts that Levister at the date of the service of the summons, May 23, 1894, was the agent of the Receivers, then operating the railroad, and that the copy of the summons was delivered to him as such agent. He permitted the Sheriff to amend his return by striking out the word "Co," so that the return stands "Served on C. M. Levister, agent of the defendants." He held that the judgment was valid and refused defendant leave to file an answer. Defendants appealed.

*Mr. A. D. Ward*, for plaintiff.
*Mr. F. H. Busbee*, for defendants (appellants).

CLARK, J.: The power of the Court to permit the Sheriff to amend his return, both before and after judgment, so as to make it speak the truth, is settled beyond discussion. *Campbell* v. *Smith*, 115 N. C., 498, and cases cited; Clark's Code, pp. 222, 227, 498, 499. The amendment "related back to the original return and has the same effect as if the amended return had been originally made." Murfree on Sheriffs, Sec. 880; 22 A. & E. Ency., 204; Freeman on Ex., 358. There was no ground therefore on which to permit an answer to be now filed. The service upon "the local agent" was valid under the statute. *Code*, Sec. 217; *Jones* v. *Insurance Co.*, 88 N. C., 499; *Katzenstein* v.

*Railroad*, 78 N. C., 286; *State* v. *Railroad*, 89 N. C., 584. "The Receivers were only temporarily in charge of the corporation, in lieu of the regular officers, and a service upon their local agent is a service upon them. Whether the judgment recovered will or will not be paid in prefer-ence to other liabilities of the corporation, does not affect this question." *Farris* v. *Railroad*, 115 N. C., 600. Ser-vice upon the Receivers is service upon the corporation, as fully as if made upon the president and superintendent, whose duties they are temporarily discharging, as they come within the term "other head of the corporation," *Code*, Sec. 217, and a service upon their local agent is merely a substitute for, and has the same legal effect as service upon them personally. *Trust Co.* v. *R. R. Co.*, 40 Fed. Rep., 426; *Ganebin* v. *Phelan*, 5 Colo., 85. The statute, *Code*, Sec. 200, contains no exception or discrimination which requires service of summons to be made as to railroad com-panies or their Receivers, more than ten days before the Term. Here, the service was legally and duly made on the defendants 75 days before the next-term.

We concur therefore in the ruling of the learned Judge that the proceedings were not "irregular and void" nor "without due service of process upon the defendants." His judgment is in all respects

Affirmed.