**CHICAGO, R. I. & P. RY. CO. et al. v. WARD.**

No. 7646—Opinion Filed June 4, 1918.

(173 Pac. 212.)

(Syllabus.)

1. **Master and Servant—Employers' Liability Act—Assumption of Risk—Question For Jury.**

Under the federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. 1916, §§ 8657-8665]), the servant assumes all the ordinary risks of his employment which are known to him, or which could have been known by the exercise of ordinary care to a person of reasonable prudence and diligence in like circumstances. Risks not naturally incident to the occupation, but which arise from the negligence of the master, are not assumed by the servant until he becomes aware of such negligence and of the risk arising therefrom, unless the negligence and risk are so apparent and obvious that an ordinarily careful person would observe the one and appreciate the other. Whether the risk is an ordinary risk of the employment, or an extraordinary risk known to the servant, or with knowledge of which he is chargeable,

is a question of fact to be submitted to the jury.

2. **Appeal and Error—Harmless Error—Instructions.**

Plaintiff sued defendant for injuries sustained in falling from a box car, alleging the failure to uncouple and the sudden and unusual stopping of the string of cars on which he was working constituted negligence. The court instructed the jury that plaintiff assumed all the ordinary and usual risks of the employment of which he had knowledge, or should, in the exercise of reasonable care, have known to exist, but that he did not assume such risks as were, created by the master's negligence. Held, the servant does assume risks arising from the negligence of the master after he becomes aware of such negligence and risks, or when they are so apparent and obvious that an ordinarily careful person would observe the one and appreciate the other. Hence that portion of the instruction to the effect that he did not assume such risk was error, but, applied to the facts in this case, was not prejudicial for the reason. if the failing to uncouple and the sudden stopping of the cars amounted to negligence of the master, and the risk caused thereby was not a usual risk of the employment, such risk, being coincident with the injury, was not assumed by the plaintiff because he could not have had knowledge of it.

3. **Appeal and Error—Master and Servant—Federal Employers' Liability Act—Contributory Negligence—Effect.**

Instructions to the effect that contributory negligence is a bar to the servant's recovery under the terms of the federal Employers' Liability Act is not a correct statement of the law, but, being error in the master's favor, is not sufficient to reverse the judgment based upon the master's negligence.

4. **Jury—Trial by Jury—Federal Constitution—State Courts.**

The requirement of Const. U. S. Amend. 7, that trials by jury be according to the course of the common law, i. e., by unanimous verdict, does not control the state courts, even when enforcing rights under a federal statute like Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. 1916, §§ 8657-8665]), and such courts may therefore give effect in actions under that statute to a local practice permitting a less than unanimous verdict.

Sharp, C. J., dissenting.

Error from Superior Court, Pottawatomie County; Leander G. Pitman, Judge.

Action by Fred Ward against the Chicago, Rock Island & Pacific Railway Company and another. Judgment for plaintiff, and defendants bring error. Affirmed.

R. J. Roberts, C. O. Blake, W. H. Moore, K. W. Shartel, and Abernathy & Howell, for plaintiffs in error.

T. G. Cutlip, W. S. Pendleton, and R. A. Rogers, for defendant in error.

OWEN, J. Fred Ward, plaintiff in the trial court, was employed by the railway company in the capacity of switchman, and, while working on the top of a moving box car in the railway company's switchyards at Shawnee, was injured by falling from the car. He sued the railway company for negligence in the manner of switching the cars on which he was working, alleging that the engine foreman, an employe of the company, negligently directed the engineer to stop and suddenly check the cars in such a manner as to cause him to lose his balance and fall. He alleges that it was the duty of the engine foreman to uncouple the cars from the switch engine as soon as they were shoved upon the switch tracks, thereby permitting the cars to run down grade and be stopped by plaintiff, and that the failure of the foreman to discharge this duty and the sudden stopping of the cars amounted to negligence and was the proximate cause of his injury. The defendants answered by general denial and by alleging assumption of risk and contributory negligence on part of the plaintiff. Judgment below was for plaintiff. Defendants bring the case here.

To reverse the judgment of the lower court plaintiffs in error urge two assignments: First. The motion for an instructed verdict for defendants should have been sustained because the plaintiff assumed the risk of the injury as a matter of law. Second. Erroneous instructions relating to (a) assumption of risk; (b) majority verdict; and (c) contributory negligence.

Under the first assignment plaintiffs in error insist that the proof brings the case within the provisions of the federal Employers' Liability Act, and that under the terms of this act defendant assumed the risk complained of. Neither of the defendants in their answer claimed the benefits of the federal Employers' Liability Act, or made any reference to the car from which the plaintiff fell being engaged in interstate commerce. Assuming, without deciding, that merely proving the car was part of an interstate commerce shipment was sufficient to bring the case within the terms of the federal act, it does not follow that the lower court should have directed a verdict for defendant, for the reason that under the terms of the federal Employers' Liability Act the plaintiff assumed only the ordinary and usual dangers incident to the employment which were known to him, or which could have been known with the exercise of ordinary care by a person of reasonable prudence and diligence under like circumstances. It may be said that a railway brakeman, working upon the top of moving box cars, is engaged in a hazardous business, and is at any time liable to serious injury, and that he assumes this risk when entering upon the employment. But the servant does not assume the risk incident to the negligence of the master until he becomes aware of such negligence and of the risk arising therefrom, unless the negligence and risk are so apparent and obvious that an ordinarily careful person would observe the one and appreciate the other. C., R. I. & P. Ry. Co. v. Hughes, 64 Okla. 74, 166 Pac. 411; M., O. & G. R. Co. v. Overmyre, 58 Okla. 723, 160 Pac. 933; Seaboard A. L. R. Co. v. Horton, 233 U. S. 492, 34 Sup. Ct. 635, 58 L. Ed. 1062, L. R. A. 1915C, 1, Ann. Cas. 1915B, 475. In this case plaintiff alleged the failure to uncouple and the forcible and sudden stopping of the cars with unusual violence amounted to negligence. It cannot be said as a matter of law that he assumed the risk incident to this method of switching if the allegation be true. In the case of Devine v. C., R. I. & P. Ry. Co., 266 Ill. 248, 107 N. E. 595, Ann. Cas. 1916B, 481, it was held:

"Where a brakeman is killed by being thrown from the top of a car by the negligence of the engineer in suddenly stopping the train with unnecessary violence, the risk of such negligence is not one assumed by deceased."

Whether the risk was an ordinary one of the employment assumed by the servant, or one arising from the negligence of the master, and with which the plaintiff was or was not chargeable, was a question of fact to be determined by the jury. Section 6, art. 23, Const. (355 Williams' Ann); M., O. & G. Ry. Co. v. Overmyre, supra.

Under the second assignment plaintiffs in error complain of the instructions dealing with the assumption of risk and contributory negligence. As to contributory negligence, the jury was instructed the plaintiff could not recover if his negligence contributed to the injury. This was not a correct statement of the law, but the error is one of which the defendant cannot complain. Under the federal Employers' Liability Act contributory negligence goes only in mitigation or to reduce the damage. It is a comparative defense, and not a defense in bar. The instructions complained of as to the

assumption of risk, taken as a whole, are to the effect that·plaintiff assumed all the ordinary and usual risks and perils incident to the employment, whether they be dangerous or otherwise, and also all risks which he knew or should, in the exercise of reasonable care, have known to exist. But in paragraph 11 appears the following language:

"He does not, however, assume such risks as are created by the master's negligence."

The servant does assume the risks incident to the master's negligence after he becomes aware of the same, or where the negligence and risk alike are so obvious that an ordinarily prudent person under the circumstances would have observed and appreciated them. C., R. I. & P. Ry. Co. v. Hughes, supra. It was not a correct statement of the rule to instruct the jury without qualification that plaintiff did not assume such risks as were created by the master's negligence. It does not necessarily follow, however, that the case must be reversed for that reason. The negligence complained of was the failure to uncouple the cars and the sudden stopping with such force as to throw plaintiff from the top of the box car. If this was an unusual method of switching and amounted to negligence, in the nature of things, plaintiff could not have been aware of the negligence previous to the injury so as to have assumed the risk incident thereto. It was a question of fact, as has been said, to be determined by the jury whether this method of switching was usual or amounted to negligence. The jury was instructed that plaintiff could not recover unless this method amounted to negligence, or if it was a usual and ordinary risk of the employment. The jury must have found that it amounted to negligence, and was not the usual method of switching and an ordinary risk. Therefore the jury was not misled by the failure of the court to qualify the instruction that the plaintiff did assume the dangers incident to the master's negligence of which he was aware. Under section 6005, Rev. Laws 1910, we may not set aside the verdict for this reason unless, after an examination of the entire record, it appears that the error complained of has probably resulted in the miscarriage of justice.

It is further contended, under the second assignment, that the court erred in receiving a verdict signed by 9 jurors. It is insisted that the proof bringing the case within the terms of the federal Employers' Liability Act, the railway company was entitled to a unanimous verdict of 12; that is to say, because the cause of action arose under a federal statute, the case must be tried according to federal procedure requiring a jury of 12. This contention was made in the case of St. L. & S. F. Ry. Co. v. Brown, 45 Okla. 143, 144 Pac. 1075, and denied by this court. In affirming this court in that case, the Supreme Court of the United States said:

"The requirement of Const. U. S. Amend. 7, that trials by jury be according to the course of the common law, i. e., by a unanimous verdict, does not control the state courts, even when enforcing rights under a federal statute like the Employers' Liability Act of April 22, 1908 (35 Stat. L. 65, c. 149. U. S. Comp. Stat. 1913, § 8657 |U. S. Comp. St. 1916, § 8657 et seq.]), and such courts may therefore give effect in actions under that statute to local practice permitting a less than unanimous verdict." 241 U. S. 223, 36 Sup. Ct. 602, 60 L. Ed. 966.

Finding no reversible error, the judgment of the lower court is affirmed.

All the Justices concur, except SHARP, C. J., dissenting.