**MISSOURI, K. & T. RY. CO. v. HUDSON.**

No. 9154—Opinion Filed Sept. 3, 1918.

Rehearing Denied Nov. 14, 1918.

(175 Pac. 743.)

(Syllabus.)

**1. Principal and Agent—Revocation.**

The relation of principal and agent is created by contract, and the mere appointment of a receiver for the principal does not ipso facto revoke the agency.

**2. Railroads — Receivers — Service on Station Agent.**

Record examined, and held that, under the order of the federal court appointing a receiver, the interests of the receiver and of the railway company are not so adverse as to preclude the same person from acting as the station agent of the company for the purpose of serving summons upon it, pursuant to the laws of the state, while so acting for the receiver in another sense.

**3. Master and Servant — Assumption of Risk—Obvious Danger.**

The rule is well settled that the servant assumes risks of his employment caused by the master's negligence which are obvious or fully known and appreciated by him, but whether such negligence and risk are so patent and obvious that an ordinarily prudent person would see the one and appreciate the other are generally questions of fact to be submitted to the jury under proper instructions.

**4. Same—Instructions.**

Record examined, and held that the trial court did not err in submitting these questions to the jury under proper instructions.

Error from District Court, Seminole County; Geo. C. Crump, Judge.

Action by Hugh Hudson against the Missouri, Kansas & Texas Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Clifford L. Jackson, W. R. Allen, and M. D. Green, for plaintiff in error.

Grant Stanley, for defendant in error.

KANE, J. This was an action for damages for personal injuries, commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below. Hereafter, for convenience, the parties will be designated "plaintiff" and "defendant," respectively, as they appeared in the trial court.

The plaintiff was employed by the defendant as a pumper at its pumphouse at Maud, in Pottawatomie county, at the time the injuries complained of occurred. He alleges that during the course of his employment he found that a pinion of the engine had slipped from its proper position at the bull wheel, and that, while in the act of turning around to get a hammer to drive the same into position, his foot slipped on the oily floor, and in falling his hand was caught in the unguarded cogs between the pinion and the bull wheel. The specific acts of negligence alleged are that the defendant did not use ordinary care to furnish the plaintiff a reasonably safe place to work, nor furnish reasonably safe appliances with which to work, in that it neglected to place a guard over said pinion and bull wheel, and failed to furnish sufficient space in the engine room to enable the plaintiff to keep the floor from becoming slippery with water, oil, and grease, thus rendering it dangerous in passing through the narrow space between the said machinery and the walls of said engine room; that the said defendant knew of and had its attention called to the absence of guards over the exposed parts of the machinery in March, 1914, and promised to remedy the same, but had negligently failed to do so.

After the service of summons the defendant appeared specially, and moved the court to quash the alias summons served upon it for the following reasons, to wit:

"(1) Because said summons was not issued, served, or return of service made in accordance with the provisions of the statutes in such cases made and provided. (2) Because George Twiss, the person upon whom pretended service of summons was had, was not at the date of the pretended service of said summons or has he been since that time, an agent of the Missouri, Kansas & Texas Railway Company, or a representative or employe in any capacity of said railway company in any manner whatever, or otherwise connected with said railway company in any manner whatever, all of which will more fully appear from his affidavit hereto attached, marked 'Exhibit A' and made a part hereof."

Upon this motion being overruled the defendant filed its answer, containing a general denial, and allegations to the effect

that the injuries complained of were the result of the risk of plaintiff's employment, which he assumed; and that, even if said defendant was injured at the time and place and in the manner alleged in his petition, he was guilty of negligence and carelessness which contributed to his said injuries.

Plaintiff's reply was a general denial. Upon trial to a jury there was a verdict for the plaintiff, upon which judgment was duly rendered, to reverse which this proceeding in error was commenced.

The grounds for reversal of this judgment are summarized by counsel for defendant in their brief under two subheads, as follows: (1) The trial court erred in overruling defendant's motion to quash the alias summons, the service thereof, and return of service thereon. (2) There was no actionable negligence of the defendant shown, the plaintiff assumed the risks of his employment, and the trial court should have sustained defendant's demurrer to plaintiff's evidence, and should have granted defendant's request for an instructed verdict.

From the briefs and argument of counsel upon the first question presented for review, the following facts seem to be conceded: The injury occurred before, and the action was commenced after, the appointment of the receiver. The railway company had not designated an agent in the county upon whom process could be served, as required by section 4717, Revised Laws 1910, and it therefore became necessary to serve the summons pursuant to section 4719, Revised Laws 1910, which provides for service upon any freight agent, agent to sell tickets, or station keeper of the company, in case it failed to designate an agent pursuant to section 4717, supra. Mr. Twiss, to whom the summons was delivered, was the agent to sell tickets and station keeper of said defendant immediately prior to the order appointing the receiver for the company; that after the order of appointment Mr. Twiss continued to act for the receiver in a like capacity, and was so employed at the time the summons herein was delivered to him.

The contention of counsel for the defendant is that, in view of all this, it appears that the summons herein was not served upon the freight agent, agent to sell tickets, or station keeper of the company, but that it was served upon the agent of the receiver, and is therefore insufficient to confer jurisdiction upon the court over the person of the defendant. We are unable to agree with this contention, although there seems to be some respectable authorities sustaining it. Chilletti v. M., K. & T. Ry. Co., 102 Kan.

297, 171 Pac. 14, L. R. A. 1918C, 1147, relied upon by counsel for defendant, is directly in point to this effect.

Whilst we have no doubt of the soundness of the part of the opinion which holds that "the railway corporation was not dissolved by the appointment of a receiver," we are unable to agree with the Supreme Court of Kansas that the discharge of the former employes and agents of the company automatically resulted immediately on the making of the order. The relation of principal and agent is created by contract, and it can only be severed by the action of the parties to the agreement themselves or by operation of law. The weight of authority, it seems to us, sustains the view that the mere appointment of a receiver for the principal does not ipso facto revoke the agency. 2 C. J. 546; Leupold v. Weeks, 96 Md. 280, 53 Atl. 937; Simpson v. East Tennessee V & G. Ry. Co., 89 Tenn. 304, 15 S. W. 736; Grady v. Richmond & D. R. Co., 116 N. C. 952, 21 S. E. 304; Farris v. Rec. of Richmond & D. R. Co., 115 N. C. 600, 20 S. E. 167; Central Trust of N. Y.v. St. Louis, A. & T. Ry. Co. (C. C.) 40 Fed. 426. Whilst all of these authorities may not be precisely in point, they are sufficiently so by analogy to justify their citation in support of the principle announced.

The order appointing the receiver in the case at bar does not in terms purport to discharge any of the agents of the company. On the contrary, it assumes the continuance of that relationship after the appointment, as it merely enjoins the company, its officers, directors, agents, attorneys, and employes, from interfering in any manner to prevent the receiver from discharging his duties in the premises under the order of the court. The order also requires the receiver to "manage and operate said railroad and property according to the laws of the United States and the valid laws of the various states in which the same are situated, and in the same manner that the defendant railway company would be bound to do if in possession thereof." In these circumstances, the interest of the company and of the receiver being in no sense adverse, we are unable to perceive why Mr. Twiss may not still represent the company as station keeper for the purpose of service of summons upon the corporation in accordance with the laws of the state, while acting for the receiver in a like capacity for all other purposes.

This was the identical question passed upon in Simpson v. East Tennessee, V. & G. Ry. Co., supra, wherein the court said:

"It will be remembered that this is no

effort, on the part of the receiver, to abate suits by reason of a right to intervene. and compel a discontinuance of actions, except in court, where the receivership, with litigation involving it, is pending, but an effort by the company to deny its agent because its road had been placed in the hands of a receiver. In such case. no reason appears to us why he does not still, in a proper sense. represent the company, which, in another, is represented by the receiver."

In the case at bar there is no evidence directly tending to show that it was ever the intention of either the railway company or Mr. Twiss to sever the relation of principal and agent existing between them. It is true that the affidavit of Mr. Twiss states that he is the station agent of the receiver and not the station agent of the railway company. This, however, is but a mere conclusion of the affiant. which was probably influenced by the erroneous view of counsel for the railway company that the order appointing the receiver ipso facto terminated the agency between Twiss and the railway company as a matter of law. We do not deem this affidavit sufficient to overcome the return of the sheriff to the effect that the summons was served upon the station agent of the company or to conclusively prove a severance of the relation of principal and agent which admittedly formerly existed.

Moreover, in view of the failure of the company to designate a person in the county upon whom service could be had as required by the state statutes, it will not be presumed, in the absence of clear evidence to the contrary, that it intended to discharge its only remaining agents upon whom service could be made after the appointment of the receiver, thus rendering it impossible for persons having claims against it to have them adjudicated in the local forums in accordance with the laws of the state.

In presenting the next ground for reversal counsel for the defendant concede that there was sufficient evidence adduced at the trial to take the case to the jury on the question as to whether or not the defendant exercised ordinary care and prudence to provide the plaintiff with reasonably safe machinery, tools, and appliances with which to do his work. and a reasonably safe place in which to work. They insist, however, that, even if primary negligence in these respects was shown on the part of the master in the performance or nonperformance of these nondelegable duties. still the defects in the machinery and place of employment which rendered them unsafe were so patent and obvious that the plaintiff must be held to have assumed the risk arising from them as a matter of law. It is true that the rule is well settled that the servant assumes the risks of his employment caused by the master's negligence which are obvious or fully known and appreciated by him. C., R. I. & P. Ry. Co. v. Hughes, 64 Okla. 74, 166 Pac. 411; Boldt v. Penn. Ry. Co., 245 U. S. 441, 38 Sup. Ct. 139, 62 L. Ed. 385. But it is also well settled that whether such negligence and risk are so patent and obvious that an ordinarily careful person would see the one and appreciate the other is a question of fact to be submitted to the jury under proper instructions. C., R. I. & P. Ry. Co. v. Ward, 68 Okla. 201, 173 Pac. 212.

In the case at bar the evidence shows that when the engine was set up by the manufacturer the cogs between the pinion and bull wheel were protected by a covering which was afterwards removed by the company. The contention of the company on this point is that after the engine was thus altered it operated in such a safe manner that the necessity for protecting the cogs no longer existed. Whether this change justified the removal of the guards over the cogs was also a question of fact for the jury.

The evidence further shows that the plaintiff was not an experienced mechanic or stationary engineer, and that he was placed in charge of this pumping station by a superior officer with practically no preliminary training except as to the mere matter of starting and stopping the engine. The plaintiff had been working a little less than six months at the time the accident occurred, and it does not appear that in the meantime he had acquired more than the most elementary knowledge of the machinery he was hired to operate. In these circumstances we are not prepared to say, as a matter of law, that the defects complained of were so patent and obvious that the plaintiff must have seen them or that he appreciated the danger arising therefrom.

As counsel for defendant finds no fault with the instructions given by the trial court. we will assume that these as well as all other questions of fact were submitted to the jury under proper instructions. As the evidence reasonably tends to support the verdict, the judgment of the court below rendered thereon will not be disturbed.

For the reason stated, the judgment of the trial court is affirmed.

All the Justices concur.