## WICHITA FALLS & S. R. CO. v. LINDLEY.

### No. 14108.

Court of Civil Appeals of Texas. Fort Worth.

June 28, 1940.

Rehearing Denied Oct. 11, 1940.

Fred T. Arnold, of Graham, G. C. McDermett and Bullington, Humphrey & Humphrey, all of Wichita Falls, and John B. King, of Dallas, for appellant.

McFarlane & McFarlane, of Graham, for appellee.

SPEER, Justice.

This is an appeal by appellant, Wichita Falls & Southern Railroad Company, from an adverse judgment in which D. L. Lindley, appellee, recovered for damages alleged to have been sustained by him while working as a section hand on the appellant's tracks.

Appellee's pleadings disclose that he had been employed by appellant for some months to perform the labor of a section hand on a ten-mile section of the company's tracks; that appellant is a Texas corporation and owns trackage exclusively inside the state and none in any other state. That on about May 2, 1938, appellant decreased the number of employees on the section from two to one man, aside from the foreman; that appellee and another worked on alternate days; that to cover the trackage it was necessary to use a motor car upon which they rode and carried their tools and equipment; that when they started out in the morning and returned in the evening, it was necessary to lift the motor car on and off the tracks, one end at a time, and thus clear the tracks for passing trains; likewise, while on duty it was often necessary to remove the motor car from the tracks while work-

ing on the line; that on June 21, 1938, appellee and the foreman attempted to place the motor car back on the track to continue their work at another place, and while lifting the heavy motor car, appellee sustained an injury, resulting in a hernia. It is alleged that appellee's injuries were the direct and proximate result of appellant's negligence in, (a) not driving the motor car to a switch in order to remove it from the main line; (b) reducing the section crew from two to one man who, with the foreman, was expected to remove the motor car and replace it on the track; (c) failing to warn the appellee against lifting too much, and (d) in directing appellee to remove and replace the motor car with no one to help him except the foreman, who was not physically able to lift his part of the load.

Appellant answered with general denial and specially that it was a common carrier operating trains for the transportation of passengers and freight in Texas and Oklahoma and that said conditions existed prior to and at the time appellee claims to have been injured. That appellee was likewise engaged as an employee of appellant in the furtherance of said interstate commerce transportation at the time he claims to have received an injury. That his employment was such that he was assisting in maintaining the roadbed of appellant to enable it to carry on said interstate business, and that the rights of both parties are governed and controlled by the U. S. Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. That appellee was an experienced man in the line of work being performed by him, and had full knowledge of the hazards incident thereto; that he assumed the risk of being injured while in the performance of the tasks contracted by him to be done, and was guilty of contributory negligence in the manner in which he attempted to perform those duties.

A jury verdict on special issues was returned and judgment was entered in appellee's favor for $2,000. New trial was denied; hence this appeal.

Grounds of reversal urged by appellant are (a) the trial court erred in construing the amendment effective August 11, 1939, to the Federal Employers' Liability Act, which abolished the previous provisions of assumed risk, to be retroactive so as to cover the period when appellee claims to have been injured; and (b) there was reversible error in the manner Special Issue No. One was submitted. Other propositions are presented, to which we shall later refer.

Based upon the record before us, it is evident that the trial court construed the amendment above referred to as being retroactive in its nature, and removed the previously existing rule of assumed risk of the employee, appellee in this case.

The record indisputably shows that appellant was a common carrier, transporting interstate passengers and freight, at the time appellee was engaged in assisting to keep the roadbed in proper condition for those purposes, when the injuries complained of were received. Under the Act, prior to the amendment, an employee, such as appellee, assumed the risk of dangers which were necessarily incident to the work being performed by him, and which were known to him or by the exercise of ordinary care could have been known. The effect of the amendment passed by Congress on August 11, 1939, was to relieve an employee of the risk so assumed resulting "in whole or in part from the negligence of any of the officers, agents, or employees of such carrier." U.S.C.A. Title 45, § 54. It is a well recognized rule of law in this State, as well as in other States, and so held by the United States Supreme Court, that a law will not be considered retrospective in its nature and operation unless an intention to have it so operate is clearly manifested by its terms. 9 Tex.Jur., sect. 12, p. 422, and the authorities there collated. In other jurisdictions see Pignaz v. Burnett, 119 Cal. 157, 51 P. 48; Lewis v. Pennsylvania Railway Co., 220 Pa. 317, 69 A. 821, 18 L.R.A.,N.S., 279, 13 Ann. Cas. 1142; White v. United States, 191 U.S. 545, 24 S.Ct. 171, 48 L.Ed. 295; Shwab v. Doyle, 258 U.S. 529, 42 S.Ct. 391, 66 L.Ed. 747, 26 A.L.R. 1454; Brewster v. Gage, 280 U.S. 327, 50 S.Ct. 115, 74 L.Ed. 457; Miller v. United States, 294 U.S. 435, 55 S.Ct. 440, 79 L.Ed. 977; Hassett v. Welch, 303 U.S. 303, 58 S.Ct. 559, 82 L.Ed. 858.

There is nothing in the amended Act of August 11, 1939, which indicates, even remotely, that the Congress intended the amended provision which removed the assumed risk theretofore existing should be retroactive and cover transactions and

contracts theretofore entered into between parties. Nor should it be so construed as to deprive one party of a right of action, or the other of a defense that existed prior to the amendment. Lewis v. Pennsylvania Railway Co., supra. Such an Act or amendment thereto will not be considered as applying to cases which arose before their enactment unless that intent be clearly declared. Shwab v. Doyle, supra. The deliberate use of the language used in the amendment which relieves an employee of assumed risk when injured as a result of the carrier's negligence, when no such expression was found in the Act so amended, should be construed as an expression by the Legislative Body that a change of law was intended. Brewster v. Gage, supra.

We are of opinion that there is yet another very good reason why Congress did not intend, by the amendment, to affect contracts that had already been made, and causes of action that had previously accrued. The law as it existed at the time appellee was employed and continued effective up to and including the date of his injury, was a part of the contract of employment and controlled the rights of the parties. Each is presumed to have conducted himself in accordance with the contract which included the law as it then existed. Subsequent laws may affect remedies but will not contravene the vested rights that have accrued to the parties. We can conceive of no rule of construction which would require a court to read into the amendment of August 11, 1939, absent a definite expression by the Legislative Body requiring it, that Congress intended, by the amendment, to enlarge the rights of one situated as was appellee, so that he could recover upon a theory that he did not have before, nor to take away from one situated as was appellant, a valuable defense which existed at the time of the wrongs complained of.

In Winfree v. Northern Pacific Railway Co., 227 U.S. 296, 33 S.Ct. 273, 274, 57 L.Ed. 518, the court had under consideration whether or not the amendment of Federal Employers' Liability Act of 1908, pertaining to Safety Appliances by railroads, was retroactive. It was held such construction would not be given to the amendment and thereby permit a recovery for a death caused prior to the passage of the Act, when no recovery could have been had prior to its passage. The court said, in last column of the opinion: "'It is a statute which permits recovery in cases where recovery could not be had before, and takes away from the defendant defenses which formerly were available,— defenses which, in this instance, existed at the time when the contract of service was entered into and at the time when the accident occurred.' Such a statute, under the rule of the cases, should not be construed as retrospective. It introduced a new policy and quite radically changed the existing law." Appellant's first and second propositions raise the point discussed and they are sustained.

The third proposition urges that since appellee assumed the risk out of which his injuries grew, the trial court should have instructed a verdict in its favor. We do not think under the facts and circumstances in the case before us that it necessarily follows, as a matter of law as well as of fact, appellee did assume the risk of sustaining the injury of which he complains.

What is known as the Safety Appliance Act was effective at the time of appellee's employment and when he was injured. Under 45 U.S.C.A., Chapter 1, Section 51, if the appellant had violated that Act and appellee's injuries had resulted from its violation, the risk was not assumed by him; but there is nothing in this record to indicate that there was an infraction of that Act; hence what we shall say in regard to the rights of both parties is based upon the assumption that the foregoing statement is correct.

As we understand the rule, based upon assumed risk by an employee, it is, substantially, this: A servant entering into employment which is hazardous assumes the risks which are apparent to ordinary observation, and, when he accepts or continues in the service, with knowledge of the character of structures from which injury may be apprehended, he also assumes the hazards incident to the situation. Tex. & Pac. Ry. Co. v. Archibald, 170 U.S. 665, 18 S.Ct. 777, 42 L.Ed. 1188; Hough v. Texas, etc., Railway Co., 100 U.S. 213, 25 L.Ed. 612; Northern Pac. Railway Co. v. Herbert, 116 U.S. 642, 6 S.Ct. 590, 29 L.Ed. 755; Galveston, H. & S. A. R. Co. v. Lempe, 59 Tex. 19; Tex. & Pac. Ry. Co. v. French, 86 Tex. 96, 23 S.W. 642.

The reasons for the rule most commonly assigned are that when the contract of employment is entered into, it is presumed that the servant's wages are fixed in contemplation of the fact that he has assumed the risks incident to the work to be performed. Tuttle v. Detroit, Grand Haven, Etc., Ry. Co., 122 U.S. 189, 7 S.Ct. 1166, 30 L.Ed. 1114; Northern Pac. Railway Co. v. Herbert, supra.

There is some testimony in the record to the effect that appellee did not know that there was any danger or hazard incident to lifting the motor car on and off the track. The nature of the injuries alleged to have been sustained was such that we cannot say that, as a matter of law, he was aware of the consequences that might follow from lifting the car, nor were those dangers such as could be said to be so open and obvious that a man of ordinary care and prudence would be charged with notice of such consequences. Where there is any testimony of a substantial nature, about which reasonable minds may differ, then it becomes a question for jury determination. Gulf, W. T. & P. R. Co. v. Smith, 37 Tex.Civ. App. 188, 83 S.W. 719, writ refused; Houston & T. C. Ry. Co. v. Scott, Tex. Civ.App., 62 S.W. 1077; Missouri, K. & T. Ry. Co. v. Hudson, 71 Okl. 157, 175 P. 743, 9 A.L.R. 223, and notes thereunder. We overrule the third proposition, since no instructed verdict should have been rendered.

We are not to be understood, from what has been said, as holding that an employee always assumes the risk of being injured proximately resulting from a negligent act of the employer. This is not the rule in this State. It would be against public policy to uphold a contract in which one of the parties contracts in a way that would hold him immune from liability in such event. In Missouri, K. & T. Ry. Co. v. Hannig, 91 Tex. 347, 43 S.W. 508, page 510, this was said: "He [the servant] does not assume the risks arising from the failure of the master to do his duty, unless he knows of the failure and the attendant risks, or, in the ordinary discharge of his own duty, must necessarily have acquired the knowledge. Bonnet v. Galveston, etc., Railway Co., 89 Tex. 72, 33 S.W. 334; [Texas & N. O.] Railroad Co. v. Bingle [91 Tex. 287], 42 S.W. 971." See also Hough v. Texas, etc., Railway Co., U.S., supra; Wabash Railroad Co. v. McDaniels, 107 U.S. 454, 2 S.Ct. 932, 27 L.Ed. 605.

The fourth and sixth propositions must be sustained. They complain of the first special issue submitted by the court, because it is duplicitous and multifarious. The offending issue reads: "Do you find from a preponderance of the evidence that on about June 21, 1938, while assisting defendant's foreman to place a motor car on defendant's track, plaintiff sustained an unusual strain in his left side and back, (or) a hernia on his left side and (or) sustained a stretching and tearing of the ligaments of his back? Answer 'Yes' or 'No'." The answer was "Yes."

No analysis of the inquiry is necessary to disclose the error. It violates both the spirit and letter of Article 2189, R.C.S., which requires that special issues be submitted distinctly and separately. See also Gulf States Utilities Co. v. Wooldridge, Tex.Civ.App., 90 S.W.2d 325; Theobalt v. Wiemann, Tex.Civ.App., 104 S.W.2d 589, writ dismissed; Meinecke v. Fidelity Inv. Co., Tex.Civ.App., 62 S.W.2d 623, writ refused; Brammer & Wilder v. Limestone County, Tex.Civ.App., 24 S.W.2d 99, writ dismissed; Metropolitan Life Ins. Co. v. Greene, Tex.Civ.App., 75 S.W.2d 703; Missouri, K. & T. Ry. Co. v. Long, Tex. Com.App., 299 S.W. 854; C. V. Hill & Co. v. Fricke, Tex.Civ.App., 135 S.W.2d 582, writ dismissed, judgment correct; and 20 Tex.Jur., sect. 126, pp. 179–181.

Fifth proposition complains because appellee alleged that he had sustained an unusual strain in his left side and back and a hernia in his left side, and the evidence disclosed that he was suffering from varicocele, a specific injury not pleaded, and therefore a directed verdict should have been returned for defendant.

The eighth proposition is bottomed on special issue 8, which inquired if appellee sustained an injury while lifting the motor car from the track, when the testimony indisputably shows that if he received an injury at all, it was from lifting the car back onto the track. In view of the fact that the case must be reversed for the reasons herein shown, the matters raised by fifth and eighth propositions will not likely occur again, and it becomes unnecessary to further discuss them.

For the errors pointed out, the judgment of the trial court is reversed and the cause remanded for another trial.