**GAYLE v. LOCKHART et al.**

No. 2461.

Court of Civil Appeals of Texas. Waco.

Dec. 10, 1942.

Rehearing Denied Dec. 31, 1942.

Conway & Scharff, of Waco, for appellant.

Cecil R. Glass, of Marlin, and John F. Sheehy, of Waco, for appellees.

HALE, Justice.

This is an appeal from a garnishment suit instituted by Mrs. Elsie Gayle against the Treasurer of the State of Texas. Mrs. Gayle's husband died on September 3, 1935, at which time he held three certificates of membership in Home Benefit Association, a local mutual aid operating under the provisions of the Acts of 1929, 41st Leg., c. 274, as embraced in Article 4875a—1 et seq. of Vernon's Civ.Stats. On June 14, 1939, Mrs. Gayle recovered a general judgment against the Association for the sum of $4,007.47 as the balance due her under such certificates. Thereafter on December 5, 1939, all of the classes of the Association in which the deceased held membership, and upon which Mrs. Gayle's judgment was based, were regularly dissolved by direction of the Board of Insurance Commissioners of the State of Texas because such classes were insolvent and unable to qualify under the provisions of Senate Bill 135, Acts of 1939, 46th Leg., c. 6, p. 401, as embraced in Article 5068—1 of Vernon's Civ.Stats. However, what was known as the family group of said Association, which was organized in 1937 and was a separate class or group from the classes in which the deceased husband of Mrs. Gayle held membership, was not insolvent. After the dissolution aforesaid,

the Association, with the approval of the Board of Insurance Commissioners, organized another group known as its Class S, changed its name to Family Life Insurance Association and on December 14, 1939, qualified both classes as such under the provisions of said Article 5068—1 by making deposit of $1,000 with the State Treasurer.

The garnishment suit was instituted on May 23, 1941. The Treasurer answered that he held the sum of $1,000 which was deposited with him by Family Life Insurance Association under the provisions of said Article 5068—1. The Association intervened in the proceedings and contested the right of Mrs. Gayle to subject the fund on deposit with the Treasurer to the satisfaction of her judgment. The issues thus joined were tried by the court below without a jury and resulted in judgment that the garnishee be discharged. Mrs. Gayle has appealed upon the contention the trial court erred in holding that the moneys deposited by the intervener were not subject to the writ of garnishment and to the payment of her judgment, "it being conclusively shown that the funds deposited with the State Treasurer were general funds belonging to the corporation against which the plaintiff, Elsie Gayle, recovered her judgment."

The record does not contain a statement of facts, but the transcript contains detailed findings by the trial court. Among other things, it appears therefrom that in order to make the deposit of $1,000 with the Treasurer, the mortuary fund of the family group class borrowed said sum from Michael S. Hunt, with the understanding the same would be repaid out of the mortuary fund of the family group class if and when all claims against that class were fully paid and there was sufficient money on hand in said mortuary fund with which to pay the same; that the Association, at the time of the dissolution of the classes upon which appellant's judgment was based, was indebted to various persons on claims arising from said classes in an amount exceeding $200,000; and that, at the time of the hearing in the present proceedings, the Association had no funds or property of any kind that could be used for the purpose of paying claims other than those arising out of and in connection with said family group or S class. The trial court concluded that appellant had no claim against the deposit held by the Treasurer because said deposit was made subsequent to the dissolution of the classes in which her deceased husband held membership and because the claim of appellant did not arise out of or in connection with either of the two classes that qualified under said Article 5068—1.

After careful consideration of the pertinent provisions of the above statutes, we have concluded that the trial court did not err in discharging the garnishee and in rendering judgment for the intervener. Ordinarily, statutory enactments only operate prospectively and they are never given a retrospective construction unless such is plainly required by unequivocal language. Piedmont & Arlington Life Ins. Co. v. Ray, 50 Tex. 511, point 5; Galveston, H. & S. A. R. Co. v. Wurzbach, Tex.Civ.App., 189 S.W. 1006; Wichita Falls & S. R. Co. v. Lindley, Tex.Civ.App., 143 S.W.2d 428, points 5–8, error dismissed; Purser v. Pool, Tex.Civ.App., 145 S.W.2d 942. We do not think it was the intention of the Legislature in the enactment of said Article 5068—1, under which the deposit of $1,000 was made in this case, to thereby provide a fund out of which the payment of claims maturing prior thereto might be lawfully enforced. It was evidently not the intention of the Association or of the Board of Insurance Commissioners that such deposit should become subject to garnishment in the hands of the Treasurer for the purpose of paying any pre-existing judgment. In our opinion, the fund was deposited with and held in trust by the Treasurer for the benefit and protection of subsequent creditors and for the limited purpose of assuring the payment of any future judgment that might be rendered against the Association.

Therefore, the judgment appealed from is affirmed.